335 So.2d 28 (1976)
STATE of Louisiana
v.
Ray Anthony SPEED.
No. 57523.
Supreme Court of Louisiana.
June 30, 1976.
Dissenting Opinion July 28, 1976.
*29 Jerome T. Powell, Shreveport, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., William C. Pegues, III, Dist. Atty., William E. Tilley, Asst. Dist. Atty., for plaintiff-appellee.
TATE, Justice.
On September 18, 1974 the grand jury of Vernon Parish charged Ray Anthony Speed with aggravated rape on May 18, 1974. La.R.S. 14:42. In a trial by jury, he was found guilty as charged. On April 14, 1975 he was sentenced by the trial judge "to spend the remainder of his natural life in the Louisiana Department of Corrections, subject to such commutation as law may provide."
The defendant's brief concedes that his defense was based solely on alibi. The defendant contends that at the time of the offense he was some distance away in Leesville in the company of one Leroy Zeno, his sister Joyce, and her husband.
No errors were assigned to the conduct of the proceedings during the trial as required by Articles 841-44 of the Code of Criminal Procedure. Nevertheless, in brief the argument is made that the alibi was proven and the verdict was "apparently contrary to the evidence." A discussion of the evidence is then undertaken.
Because no motion for a new trial was made in accordance with Article 851 of the Code of Criminal Procedure the question whether there was any evidence at all to support the essential elements of the crime was never presented to the trial judge. For the same reason this Court cannot technically review the evidence on that basis. La.C.Cr.P. art. 920: State v. Shillow, 310 So.2d 103 (La.1975). (If we could review the evidence, it is sufficient to state that there is some evidence upon which the jury could conclude that every element of the crime of aggravated rape had been proven. The sufficiency of the evidence is a matter for the jury's determination. State v. Douglas, 278 So.2d 485 (La.1973).)
The defense brief further asserts that the constitutional rights of the defendant were violated in that the jury venire "was almost totally white", that is, only one black served on the jury that convicted him. The defense did not file a motion to quash to challenge either the general venire or petit jury venire as required by Article 532 of the Code of Criminal Procedure. See also La.C.Cr.P. art. 419. Thus there is no evidence in the record upon which these defense contentions could be founded; the trial court was never called upon to rule on the question, and no assignments of error are presented.
In the absence of a prima facie showing of systematic exclusion of a segment of the population from the jury, the burden does not shift to the state to demonstrate proper procedure or lack of discrimination. State v. Brown, 319 So.2d 409 (La.1975).
*30 The review of this record on appeal for errors discoverable by an inspection of the pleadings and proceedings (La.C.Cr.P. art. 920) discloses no error of which the defendant can complain upon his appeal.
In brief, the state points out that the defendant was sentenced to life imprisonment, whereas the mandatory statutory penalty is death for the crime of aggravated rape. La.R.S. 14:42. However, this contention raised by the state's brief is not before us upon this appeal by the defendant to have the conviction and sentence reviewed for prejudicial error affecting him. La.C.Cr.P. art. 911. The remedy for correction of the sentence, if illegal, is specifically provided by La.C.Cr.P. art. 882(1).
We note that, at the time of sentencing, the state did not object to imposition of the life sentence, nor has it ever made complaint in the trial court of the alleged illegality of the life sentence imposed. The state should present any contention of illegality to the trial court, with the trial court's determination being reviewable by supervisory writs to this court. La.C.Cr.P. art. 882(2).
In sentencing the accused to life imprisonment, the trial court may have concluded that the death penalty was excessive punishment for the crime charged under the circumstances. See La.Const. of 1974, Art. 1, Section 20; State v. Bryant, 325 So.2d 255, 265 (La.1976) (concurring opinion). We express no opinion at this time as to the propriety of the action.
Accordingly, for the reasons assigned, we affirm the conviction and sentence.

CONVICTION AND SENTENCE AFFIRMED.
SANDERS, C.J., concurs in part and dissents in part with written reasons.
SUMMERS, J., dissents and assigns written reasons.
MARCUS, J., dissents.
SANDERS, Chief Justice (concurring in part and dissenting in part).
I concur in the affirmance of the conviction. I am of the opinion, however, that the illegal sentence should be vacated and the case remanded to the trial court with instructions to the judge to impose the mandatory death sentence required by statute.
For the reasons assigned, I concur in part and dissent in part.
SUMMERS, Justice (dissenting).
Punishment for crimes is a matter for the Legislature. Trial judges must obey legislative enactments on that subject. The trial judge here, unless the statute prescribing the punishment had been declared unconstitutional, should have imposed the prescribed penalty, which at the time was the death penalty. The case should be remanded mandating compliance.
I respectfully dissent.