412 So.2d 594 (1982)
STATE of Louisiana
v.
ELLWEST STEREO THEATRES, INC.
No. 81-KA-2524.
Supreme Court of Louisiana.
April 5, 1982.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, *595 Dist. Atty., Joseph Meyer, Jr., Louise Korns, Asst. Dist. Attys., for plaintiff-appellee.
Jacques F. Bezou, of Garon, Brener & McNeely, New Orleans, for defendant-appellant.
NESTOR L. CURRAULT, Justice Pro Tempore.[*]
The defendant, Ellwest Stereo Theatres, Inc. was charged by two bills of information with four counts of obscenity, a violation of La.R.S. 14:106. On January 31, 1980, the corporation was tried before a six-person jury and was found guilty on all four counts. On February 13, 1980, the court sentenced the defendant-corporation on bill # 272-784 "B" Count 1 to pay a fine in the amount of $916.00 and in default thereof to serve eleven months in Parish Prison, and court costs of eighty-four dollars or to serve an additional thirty days in jail. On the second count, the court ordered the corporation to pay one thousand dollars or in default thereof to serve one year in Parish Prison. Identical sentences were imposed in bill # 273-410 "B". All sentences were to run consecutively.
Defendant appeals on six assignments of error for reversal of the conviction. Assignment No. 6 was neither briefed nor argued and it is therefore considered abandoned.
Factual Synopsis
Officer Robert Hamilton, a detective assigned to the vice section of the New Orleans Police Department went to the Ellwest Stereo Theatre at 333 Bourbon Street on two occasions to view peep shows and movies. On each occasion, two films were viewed and determined to be obscene by the officer. Warrants were obtained based upon affidavits by the officer narrating the films' events and four cassettes of film were seized. After establishing a chain of custody for the cassettes, they were introduced into evidence at trial and viewed by the jury. A verdict of "guilty as charged" was returned on all four counts, reflecting a finding by the jury that all four films viewed were adjudged obscene.
Assignments of Error 1 through 4
Defense assignments of error one through four assert error on the part of the trial court in denying defense challenges for cause of three prospective jurors and in granting one challenge for cause by the State.
Louisiana Code of Criminal Procedure Article 797 provides in pertinent part:
(1) The state or the defendant may challenge a juror for cause on the ground that:
(2) the juror is not impartial, whatever the cause of the partiality. An opinion or impression as to the guilt or innocence of the defendant shall not of itself be sufficient ground of challenge to a juror, if he declares, and the court is satisfied that he can render an impartial verdict, according to the law and the evidence.
Where an accused has exhausted all of his peremptory challenges before completion of the panel, he is entitled to complain on appeal of a ruling refusing to maintain a challenge for cause made by him. He need only show two things to obtain reversible error: (1) That the trial court erred in refusing a challenge for cause by him; and (2) that he exhausted all his peremptory challenges. He need not make the additional showing of injury resulting from the court's action by forcing him to accept the challenged juror. The trial judge is vested with broad discretion in ruling on a challenge for cause which ruling will not be disturbed, on appeal, absent a showing of abuse of that discretion. State v. Sylvester, 400 So.2d 640 at 642 (La.1981).
During the voir dire of the challenged jurors Mrs. Landry, Mr. Williams and Ms. Borne all initially expressed reservations concerning the definition of the *596 term "obscene" or the application of the law.
Mrs. Landry indicated that if she saw a film that had sexual intercourse in it she would automatically find that it was in violation of the law and obscene.
Mr. Williams explained that he felt sex was not a spectator sport, and the definition of the law as read was a grim thing to hear. And Ms. Borne replied that sex should be kept in the bedroom where it belongs.
However, these jurors, after being examined further by the State and by the Court, assured the Court that they could apply the applicable law and give the defendant a fair trial.
This Court has repeatedly dismissed a defense argument that its challenge for cause was improperly denied by observing that the juror, when questioned further by the prosecutor and the court demonstrated a willingness and ability to decide the case impartially, according to the law and the evidence. See e.g. State v. Claiborne, 397 So.2d 486 (La.1981); State v. McIntyre, 381 So.2d 408 (La.1980); State v. Allen, 380 So.2d 28 (La.1980); State v. Sonnier, 379 So.2d 1336 (La.1980); State v. Shelton, 377 So.2d 96 (La.1979).
It is the opinion of this Court that the jurors were sufficiently rehabilitated by the trial court and the prosecution, and there was no abuse of discretion in the refusal to allow the challenges for cause.
Mr. Osby, a juror challenged by the State for cause, which challenge was granted by the court, indicated on examination that he felt that he could not adjudicate any sexual activity criminally obscene. The defense declined to attempt the rehabilitation of Mr. Osby despite opportunity by the Court. Again, this Court finds no abuse of discretion in the granting of the challenge for cause by the trial court.
These assignments lack merit.
Assignment of Error No. 5
Defendant contends it was reversible error for the trial court to comment on the evidence during defense counsel's opening argument in violation of Louisiana Code of Criminal Procedure Article 772.
During the opening argument, the State objected to the defense statement that a corporation can only be convicted through its agent. During the dialogue following the objection, the defendant alleges that the Court made impermissible comment concerning the burden of proof in a criminal case. We excerpt that portion of the argument.
BY DEFENSE ATTORNEY: And, a corporation, as you will learn can only be convicted through its agent orthey've got to prove knowledge on the part of the corporation
BY PROSECUTING ATTORNEY: Your Honor, I'm object to that. Agenta corporation is a legal entity, does not have to be convicted through its agents
BY THE COURT: Yes, you're making an argument, too.
BY PROSECUTING ATTORNEY: Yes, sir. I'm [sic] object to that, also.
BY THE COURT: You should be telling this Jury only what you intend to prove during the course of this trial, and nothing else. You're making an
BY DEFENSE ATTORNEY: That's right, Your Honor.
BY THE COURT: an argument to them.
BY DEFENSE ATTORNEY: I'm sorry, Your Honor.
BY THE COURT: Okay. Get on to something else. What you intend to prove only.
BY DEFENSE ATTORNEY: Well, I don't have to prove anything, as the Judge will tell you.
BY THE COURT: Yes, its true, but you can sit down if you're not going to prove anything, because that's all you can talk about.
BY DEFENSE ATTORNEY: (Continues argument)
Louisiana Code of Criminal Procedure Article 772 provides, "The judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, *597 repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted."
When the judge said "... that's all you can talk about", it is clear he was referring to the limitations set forth by law as to the scope of the defendant's opening statement. In State v. Bell, 263 La. 434, 268 So.2d 610, 615 (1972), this Court held:
... that defense counsel who avails himself of the opportunity to make an opening statement under Code of Criminal Procedure Article 765(4) must confine his remarks to an explanation of the nature of the defense and the evidence by which he expects to establish it.
In the present case, the judge was not commenting on the facts of the case, nor was he commenting on evidence, nor what has to be proved, not proved, or refuted as defined in Article 772, supra, but rather reminding defense counsel that he could not permit argument during opening statements. This scarcely represents prohibited comment.
Alternatively, defense counsel failed to raise an objection to the judge's remark at trial. Under Louisiana Code of Criminal Procedure Article 841, such failure to raise a contemporaneous objection waives the argument for appeal. State v. Toomer, 395 So.2d 1320 (La.1981)
This assignment lacks merit.
Finding no merit in any of the assignments of error raised, we affirm the conviction and sentence.
NOTES
[*] Judge Walter I. Lanier, Jr. of the Court of Appeal, First Circuit and Judges Fred S. Bowes and Nestor L. Currault, Jr. of the Twenty-Fourth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Associate Justices Calogero, Dennis, Blanche and Lemmon.