428 So.2d 957 (1983)
STATE of Louisiana
v.
Charles NAPOLI.
No. 82 KA 0792.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*958 Ossie Brown, Dist. Atty. by Brett L. Grayson, Asst. Dist. Atty., Baton Rouge, for plaintiff-appellee.
Lewis Unglesby, Baton Rouge, for defendant-appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
LANIER, Judge.
The defendant, Charles Napoli, was charged with forcible rape, in violation of La.R.S. 14:42.1, and aggravated crime against nature, in violation of La.R.S. 14:89.1. After a trial by jury, he was convicted of attempted forcible rape and attempted aggravated crime against nature. On the attempted forcible rape charge, he was sentenced to serve 4 years at hard labor in the custody of the Department of Corrections with 1 year of the sentence to be served without benefit of probation, parole, or suspension of sentence. On the attempted aggravated crime against nature charge, he was sentenced to serve 4 years at hard labor in the custody of the Department of Corrections with ½ years of the sentence to be served without benefit of probation, parole, or suspension of sentence. The trial judge ordered that the two sentences be served concurrently.

I. CLOSING ARGUMENTS BY THE STATE
A. FACTS. The victim testified on direct examination that the defendant pulled *959 a gun and stuck it in her face during the attack upon her and she felt a knife against her neck. On cross-examination, counsel for the defendant brought out that the victim did not say anything about a knife in her testimony given at a "hearing" held in August of 1981.[1]
On direct examination, counsel for the state propounded the following question to Jerry Callahan, one of the investigating officers:
"During the course of your discussion with or interviewing Miss Landry with regard to her alleged assault, did she at any time have occasion to relate to you information with regard to what weapons, if any, her assailant possessed?"[2]
Counsel for the defendant objected to this question on the ground that it was hearsay. The trial court overruled the objection. Thereafter, the counsel for the defendant asked for a copy of the police report. Argument commenced on this request. The jury was subsequently retired and further extensive argument took place. Ultimately, counsel for the state indicated that he had no further questions of the witness and terminated the direct examination.
During his closing argument, counsel for the defendant, in pertinent part, made the following observations:
"I asked the lady specifically yesterday, standing right there, if she remembered testifying in this courtroom a year ago and never saying a word about a knife. She said, yeah, that's true; that she didn't say anything about the knife last year because she didn't think it was important because she never saw it.
. . . . .
"Talk about statements, Mr. Grayson got up here and said stuff. I have yetI've asked and asked and asked and still haven't seen it and neither have you what was said that day by Miss Landry. All I've heard is what she claims. I don't know what she told the police. You don't either. You don't know if she said knife or didn't say a knife, a holster or no holster. You don't know whatwhether that's brand-new. We know it wasn't here a year ago, but we don't know what happened in October. And they don't want me to know."
Immediately after the close of the defense oral argument, the prosecutor had the police report marked as State Exhibit 22 and offered to introduce it into evidence and show it to the jury if counsel for the defendant had no objection. Counsel for the defendant requested and received the right to make a motion outside of the presence of the jury. The court ruled that the evidence had been closed, that no additional evidence would be introduced, and ordered counsel for the state to proceed with his rebuttal argument.
Counsel for the state commenced his rebuttal argument and made the following statement:
"Let's go back when the defense counselwhen I was talking to the detective, Detective Callahan. I sought to ask him some questions about what the victim told him. He objected. He don't want you to know"
Counsel for the defendant objected to this statement on the basis that "it's improper to argue to the jury when the court rules in my favor, you know." The court ruled that counsel for the state "has the right to argue in response to what you argued in your closing arguments" and overruled the objection. Counsel for the state then made the following statement:
"If he really wanted you to know what she told the police, if he really thought that she had not said anything about a knife or any of those other things that he *960 tries to assert she did not, then all he had to do was let me ask her or he could callask the detective did she say anything about the knife when you interviewed her on the 2nd, the 2nd of October"
Counsel for the defendant objected to this statement on the basis that "he's arguing something that is not part of the evidence." At this point, the trial judge retired the jury. Counsel for the defendant asked for a mistrial because of the "deliberate effort of the prosecutor to introduce an inadmissible police report during rebuttal argument" and objected to the prosecutor making a response to his argument about the statement given by the victim to Officer Callahan. After an extensive hearing out of the presence of the jury, the trial judge denied the motion for a mistrial, but agreed to give an admonition to the jury concerning the admissibility of the police report. The trial judge also overruled the objection concerning the state's reply to the defense's argument about the statement given by the victim to Officer Callahan.
The trial judge then gave the following admonition to the jury:
"I will now admonish you that any reference made prior to the state's rebuttal argument to any offering or additional evidence was improper. It was not a proper comment made by the prosecutor that the subject item of the offering which was held by Mr. Grayson is not admissible in evidence under any circumstances in this case even were it offered during the state's case or the defense case. And you are not to consider it as any evidence in this case. The evidence which you should consider consists of the testimony of the witnesses and of those items which have been introduced into evidence and shown to you. Furthermore, the law does not allow in any trial the additional evidence to be presented after closing argument has begun. So in no event in any trial after closing argument has begun may additional evidence ever be presented to the jury. For that reason, you are instructed to disregard anything which you may have inferred from the state's offer to introduce additional evidence. It was an improper offer. You should disregard it and not consider anything that you feel may or may not be inwhatever it was that's offered. It's not a subject for your concern. It's outside the evidence. Disregard it."
Thereafter, in pertinent part, the prosecutor made the following statements to the jury:
"To return now to the points that the defense counsel raised during his portion of the closing statements. Again, he objected to the evidence, the testimony of Detective Callahan, that we sought to elicit relating to Sharon Landry's having told someone previously, before this date, about a knife. Now, let's talk about what the defense counsel says is the burden that the state has to bring in all these different types of evidence and bring in all these witnesses, have all these different tests done. Remember he represents the defendant, and I represent the state except in certain requirements; that is, there are certain things that we must disclose to the defense counsel and the defendant because of rules of discovery. There are certain rules; and they say you will give him this, this, this. If he asks for it, we have to give him that. There's nothing here to indicate that we didn't comply with that. There are also certain constitutional and ethical rules that require certain exculpatory type evidence has to be provided when the state knows about it to the defense. We have to do that. There's no showing we didn't do that. There is no necessity to disclose any of the other items that the state may have that do not come within those particular statutory and constitutional rules."
B. MISTRIAL. Closing arguments shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case. La.C.Cr.P. art. 774. If oral argument goes beyond these limits, it may fall within *961 the ambit of La.C.Cr.P. arts. 770 and 771. See Official Revision Comment (c) to La.C. Cr.P. art. 774. If the prosecutor makes a remark that is irrelevant or immaterial and of such a nature that it might create prejudice against the defendant in the mind of the jury, upon request, the court shall promptly admonish the jury to disregard the remark or comment.[3] La.C.Cr.P. art. 771. If the court determines that an admonition is not sufficient to assure the defendant a fair trial, it has the discretion to grant a mistrial. State v. Prestridge, 399 So.2d 564 (La.1981).
After the trial judge determined that the conduct of the prosecutor of attempting to introduce the police report into evidence during rebuttal argument was improper, he exercised his discretion and chose to issue an admonishment to the jury rather than grant a mistrial. Since the contents of the police report were not revealed to the jury and because of the excellent admonition given by the trial judge, we cannot say that the trial judge abused the much discretion granted to him under the law. This assignment of error is without merit.
C. OBJECTION TO IMPROPER ARGUMENT. The defendant contends that the reply by the state to the remarks by defense counsel in closing argument about the failure of the state to reveal what the victim told the police constituted prejudicial comment on matters not in evidence and requires a reversal.
A conviction will not be reversed because of improper closing argument unless a court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Dupre, 408 So.2d 1229 (La.1982).
In his closing argument, counsel for the defendant stressed the point that the victim did not mention a knife in her prior court testimony. He indicated that he asked several times to see what she said to the police, but did not get to see it. He pointed out that all that was heard was the victim's claim, and that neither he nor the jury knew what she told the police. He further pointed out that "we don't know what happened in October. And they don't want me to know." (Emphasis added).
In his rebuttal argument, the prosecutor pointed out that the objection to the testimony was made by the defense counsel, and that it was the defense counsel who didn't want the jury to know what the testimony was. The prosecutor implied that if the defense counsel wanted the jury to know what was in the report, he should not have objected. He then explained to the jury that he gave defense counsel all the evidence he was required to give under the constitution and law.
Since counsel for the defendant argued to the jury that he was not given an opportunity to find out what statements were given by the victim to the police and that the state did not want him to know what they were, he cannot complain that the state was allowed to reply that it was he who made the objection to the testimony of Detective Callahan about the victim's statement, that it was he who did not want the jury to know, and that the state gave the defense all evidence it was legally required to under the law. Prior to the commencement and at the end of the trial, the trial judge instructed the jury that the statements of the attorneys were not evidence and that the only valid evidence in the case was the testimony of the witnesses and the items introduced into evidence. Considering all of these factors, we cannot say that the trial judge was wrong by allowing the prosecutor to reply to the statements by the defense counsel. Further, we are not thoroughly convinced that the remarks by the state influenced the jury and contributed to the verdict. This assignment of error is without merit.

II. JURY INSTRUCTION ON POTENTIAL PENALTIES
The authorized sentence for forcible rape is imprisonment at hard labor for not less *962 than 2 nor more than 40 years with at least 2 years of the sentence to be served without benefit of probation, parole, or suspension of sentence. La.R.S. 14:42.1. The authorized sentence for aggravated crime against nature is imprisonment at hard labor for not less than 3 nor more than 15 years without benefit of suspension of sentence, probation or parole. La.R.S. 14:89.1.
The Louisiana Supreme Court has ruled that when a penalty imposed by statute is a mandatory one, that the trial judge must inform the jury of the penalty on the request of the defendant. State v. Washington, 367 So.2d 4 (La.1978) (distribution of heroin with mandatory life imprisonment La.R.S. 40:966[A]).[4] However, where the sentence is not mandatory and the court has the discretion to impose a sentence anywhere within the statutorily authorized range, the trial judge is not required to charge the jury on the authorized sentence, but may do so in his discretion. State v. Carthan, 377 So.2d 308 (La.1979) (attempted aggravated rape, in violation of La.R.S. 14:27 and 42 with an authorized sentence of not more than 50 years at hard labor); State v. Chatman, 337 So.2d 1106 (La.1976) (aggravated battery, in violation of La.R.S. 14:34 with an authorized sentence of not more than 10 years with or without hard labor).[5] The defendant argues that since the crimes of attempted forcible rape and attempted aggravated crime against nature carry statutorily mandated minimum sentences that he was entitled to have the jury instructed on the potential penalties. This argument is without merit. State v. Bell, 377 So.2d 275 (La.1979); State v. Unzueta, 337 So.2d 1102 (La.1976); State v. Blackwell, 298 So.2d 798 (La.1974); State v. Williams, 420 So.2d 1116 (La.1982).

III. SENTENCE
A. LEGALITY. The defendant contends that his sentences are illegal because portions of them are without benefit of probation, parole, or suspension of sentence and that such is not authorized on an attempt verdict, citing State v. Green, 391 So.2d 833 (La.1980).
In Green, supra, the defendant was found guilty of attempted aggravated rape, in violation of La.R.S. 14:27 and 42, and was sentenced to serve 35 years at hard labor without benefit of parole. The penalty for aggravated rape is life imprisonment without benefit of parole, probation, or suspension of sentence. La.R.S. 14:42. However, the penalty for attempted aggravated rape is prescribed by La.R.S. 14:27(D)(1) as imprisonment "at hard labor for not more than fifty years." This portion of the attempt statute does not provide that imprisonment shall be without parole, probation, or suspension of sentence and, accordingly, the sentence imposed on Green could not be without benefit of parole.
La.R.S. 14:27(D)(1) is applicable when the offense attempted is punishable by death or life imprisonment. La.R.S. 14:27(D)(3) is applicable in the instant case and provides as follows:[6]
"In all other cases he shall be fined or imprisoned or both, in the same manner as for the offense attempted; such fine or imprisonment shall not exceed one-half of the largest fine, or one-half of the longest term of imprisonment prescribed for the offense so attempted, or both." (Emphasis added).
The offenses attempted in the instant case require that all or a portion of the sentence be served without benefit of probation, parole, or suspension of sentence. If the defendant *963 is to be sentenced "in the same manner as for the offense attempted", such sentence must include the same conditions as the sentences for the offenses originally charged. See, for example, State v. Lensey, 333 So.2d 645 (La.1976). This assignment of error is without merit. State v. Middlebrook, 409 So.2d 588 (La.1982).
The trial court sentenced the defendant on the charge of attempted aggravated crime against nature to serve 4 years at hard labor in the custody of the Department of Corrections with ½ years of the sentence to be served without benefit of probation, parole, or suspension of sentence. This is an illegal sentence. La.R.S. 14:89.1 provides that the sentence for aggravated crime against nature is as follows:
"Whoever commits the crime of aggravated crime against nature shall be imprisoned at hard labor for not less than three nor more than fifteen years, such prison sentence to be without benefit of suspension of sentence, probation or parole."
This authorized sentence is different from that of forcible rape in that it requires that all of the sentence be without benefit of suspension of sentence, probation or parole, whereas that for forcible rape requires only that at least 2 years of the sentence be imposed without benefit of probation, parole, or suspension of sentence. The entirety of a sentence for attempted aggravated crime against nature must be without benefit of probation, parole or suspension. An illegal sentence may be corrected at anytime by the court that imposed the sentence. La.C.Cr.P. art. 882. The trial court always retains jurisdiction to correct an illegal sentence and is the proper court to do so. La.C.Cr.P. art. 916(3). Accordingly, the sentence imposed on the defendant on the charge of attempted aggravated crime against nature must be vacated and that matter shall be remanded to the trial court for the imposition of a legal sentence.
B. EXCESSIVENESS.[7] A majority of the Louisiana Supreme Court has held that Article I, Section 20 of the Louisiana Constitution of 1974 prohibits the imposition by law of excessive punishment, and that although a sentence may be within statutory limits, it may violate a defendant's constitutional right against excessive punishment and is subject to appellate review. State v. Sepulvado, 367 So.2d 762 (La.1979). The trial judge is given a wide discretion in the imposition of sentences within statutory limits, and the sentence imposed by him should not be set aside as excessive in the absence of a manifest abuse of his discretion. State v. Prados, 404 So.2d 925 (La.1981); State v. Douglas, 389 So.2d 1263 (La.1980); State v. Spencer, 374 So.2d 1195 (La.1979). The authorized sentence for attempted forcible rape is imprisonment at hard labor for not less than 1 nor more than 20 years with at least 1 year of the sentence without benefit of probation, parole, or suspension of sentence. The sentence actually imposed by the court was confinement at hard labor for a period of 4 years with 1 year of the sentence to be served without benefit of probation, parole, or suspension of sentence.
A review of the testimony of the victim, which was apparently accepted by the jury, indicates that forcible rape, rather than attempted forcible rape, was actually committed. Although the victim did not suffer any permanent injuries from this encounter, she was bruised, scratched, and threatened with a knife and a gun. The trial judge's reasons for sentence show that the defendant had the following previous convictions: (1) speeding and improper passing, January 22, 1973; (2) speeding, February 5, 1973; (3) violation of a water safety regulation, May 26, 1974; (4) criminal mischief, October 8, 1974; (5) reckless operation of a motor vehicle, 1974; (6) simple battery, 1977; and (7) disorderly intoxication in Florida, 1979.
Because the evidence indicates that a rape was actually committed and since the sentence imposed is in the lower range of *964 the sentencing scale, we cannot say that the sentence is apparently severe or is an abuse of the much discretion that a trial judge has in imposing sentence. Accordingly, the sentence imposed by the trial court for attempted forcible rape is affirmed. State v. Roussel, 381 So.2d 796 (La.1980).

IV. CONCLUSION
For the foregoing reasons, the defendant's convictions of attempted forcible rape and attempted aggravated crime against nature and his sentence on the charge of attempted forcible rape are affirmed. The sentence imposed on the charge of attempted aggravated crime against nature is vacated, and the case is remanded for resentencing in accordance with law.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED IN PART.
NOTES
[1] The defendant was originally indicted for aggravated rape. He was tried on this charge in August of 1981, but the trial resulted in a mistrial due to a "hung" jury. La.C.Cr.P. art. 775(2). The defendant was subsequently charged with the offenses in the instant case by a bill of information.
[2] Apparently, the purpose of this line of inquiry was to corroborate and/or rehabilitate the testimony of the victim. La.R.S. 15:493, 496 and 497.
[3] The defendant does not claim that the attempt by the prosecutor to introduce the police report into evidence during rebuttal argument constitutes a peremptory ground for a mistrial contemplated by La.C.Cr.P. art. 770.
[4] In State v. Dawson, 392 So.2d 445 (La.1980), a case involving aggravated rape for which a mandatory life sentence is required, the court observed as follows: "The charge to the jury concerning the penalties for the responsive verdicts was within the trial court's discretion. State v. Blackwell, 298 So.2d 798 (La.1974)." But, see State v. Hooks, 421 So.2d 880 (La. 1982).
[5] In State v. Parish, 405 So.2d 1080 (La.1981), a case involving attempted aggravated rape, at page 1087 in footnote 4, the court indicated that "[T]he trial judge correctly instructed the jury as to the essential elements and penalties of each offense."
[6] La.R.S. 14:27(D)(2) applies if the offense attempted is theft or receiving stolen things.
[7] Since we are vacating the sentence on the attempted aggravated crime against nature charge and are remanding for resentencing, it is not necessary to pass on the excessiveness of that sentence.