432 So.2d 1093 (1983)
STATE of Louisiana, Plaintiff and Appellee,
v.
Andrew Lee JIMMERSON, Defendant and Appellant.
No. 82-576.
Court of Appeal of Louisiana, Third Circuit.
May 25, 1983.
*1094 Patrick L. Durusau, Jena, for defendant and appellant.
Norris Dale Jackson, Asst. Dist. Atty., Jena, for plaintiff and appellee.
Before FORET, CUTRER and KNOLL, JJ.
KNOLL, Judge.
The defendant was convicted by the trial court of violating LSA-R.S. 14:95.1. This statute makes it unlawful for any person convicted of an enumerated felony "to possess a firearm or carry a concealed weapon." The defendant had previously been convicted of aggravated battery which is one of the enumerated felonies. The trial judge sentenced the defendant to six years imprisonment at hard labor.
On October 29, 1981, Andrew Jimmerson was arrested for bringing a shotgun into Wallace Bar in Jena, Louisiana. The district attorney charged Jimmerson by bill of information with violation of LSA-R.S. 14:95.1, possession of a firearm by a convicted felon. The record reveals that in 1979 Jimmerson had been convicted of second degree burglary in the State of Washington, and in 1977, he had been convicted in Jena, Louisiana, for aggravated battery.
Defendant lodged an appeal. Neither the defendant nor the State filed briefs, therefore, assignments of error not briefed are considered abandoned. State v. Edwards, 261 La. 1014, 261 So.2d 649 (La. 1972); State v. Lemoine, 403 So.2d 1230 (La.1981); State v. Dewey, 408 So.2d 1255 (La.1982). The review on appeal is limited to a "mere inspection of the pleadings and proceedings" for patent errors. LSA-C. Cr.P. art. 920.
A review of the record reveals only one minor error by the trial court. The sentence imposed was not rendered precisely in accordance with the requirements of the statute in question. The penalty for violating LSA-R.S. 14:95.1 is set forth as follows:
"B. Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars."
The statute through the use of the conjunctive "and" mandates imprisonment and fine. The sentence imposed failed to include a fine.
When an illegal sentence has been imposed which subjects the defendant to an excessive punishment, the Supreme Court *1095 has set the sentence aside despite the lack of motions requesting such an effect. State v. Cobb, 419 So.2d 1237 (La.1982); State v. Guillory, 404 So.2d 453 (La.1981); State v. Siegel, 354 So.2d 525 (La.1978). However, the results are different when the State contends that the defendant has been given an illegal sentence due to its leniency. In State v. Speed, 335 So.2d 28 (La.1976), Justice Tate cited LSA-C.Cr.P. art. 882 for the proposition that the State should present any contention of illegality of the sentence to the trial court, with the trial court's determination being reviewable by supervisory writs. The State is not allowed to attack the illegal sentence upon the defendant's appeal.
In the case at bar, the State failed to complain of the sentence in the trial court and has not applied for supervisory writs. The Speed, supra, rationale precludes a remand for correcting the technically illegal sentence.
We find no reversible error. The defendant's conviction is affirmed.
AFFIRMED.