439 So.2d 622 (1983)
STATE of Louisiana
v.
Eli JACKSON. (Two cases).
Nos. 83 KA 0165, 83 KA 0279.
Court of Appeal of Louisiana, First Circuit.
October 11, 1983.
Writ Granted in Part January 6, 1984.
*624 Ossie Brown, Dist. Atty., by Joseph Lotwick, Asst. Dist. Atty., in No. 83 KA 0165 and by Brenda Creswell, Asst. Dist. Atty. in No. 83 KA 0279, Baton Rouge, for plaintiff-appellee.
Georgia Wilemon, Asst. Public Defender, Baton Rouge, for defendant-appellant in No. 83 KA 0165.
Michele Fournet, Public Defender, Baton Rouge, for defendant-appellant in No. 83 KA 0165.
Before SHORTESS, LANIER and CRAIN, JJ.
SHORTESS, Judge.
Eli Jackson (defendant) was charged by grand jury indictment with simple burglary of a pharmacy, in violation of La.R.S. 14:62.1. He pled not guilty, was tried by a jury, and found guilty as charged. He was then charged as a habitual offender, received a hearing, and was so adjudged by the trial court. He was sentenced to ten years at hard labor with the Department of Corrections and cast for all court costs. Defendant has appealed his conviction and sentence, citing thirteen assignments of error, ten of which are briefed.
On January 23, 1981, George Thomas and John Cockern, Baton Rouge city policemen, were dispatched to Pete's Pharmacy in Baker, Louisiana, pursuant to a burglar alarm from Sonotrol Alarm System. The owner, Thomas P. Chambliss, met the officers at the pharmacy and after opening the doors, they found and arrested defendant. The defendant had entered the store through an overhead exterior vent. A hammer, crowbar, hat, gloves, and flashlight not belonging to Chambliss were found in the building. Thomas found a sack full of watches which had been removed from one of the counters. The officers also discovered that some drugs had been removed from the shelves and placed on the counter.
ASSIGNMENTS OF ERROR NUMBERS 1 THROUGH 8
These assignments involve the alleged trial court error in denying defendant's challenges for cause of eight prospective jurors. Defendant challenged these jurors because he felt that they could not accept the law regarding the use of intoxication as a defense. La.C.Cr.P. art. 797(4). The trial judge is vested with broad discretion in ruling on challenges for cause, and his ruling will not be disturbed on appeal absent a showing of abuse of discretion. State v. Ellwest Stereo Theatres, Inc., 412 So.2d 594 (La.1982). In evaluating the fairness of a trial court ruling on voir dire, the entire examination must be considered. State v. Stucke, 419 So.2d 939 (La.1982); State v. Kohler, 434 So.2d 1110 (La.App. 1st Cir.1983), (1983).
The defendant exhausted all of his peremptory challenges before the completion of the panel and is therefore entitled to complain about the trial court's refusal to maintain his challenges for cause. La.C. Cr.P. art. 800; State v. Ellwest, 412 So.2d at 595; State v. Sugar, 408 So.2d 1329 (La. 1982). In order to prove reversible error, *625 the defendant must show: (1) that the trial court erred in refusing a challenge for cause made by him; and (2) that he exhausted all his peremptory challenges.
It is not error for the trial court not to dismiss a juror who expresses some reservation about accepting the law, when, after additional questioning by the trial court and the State, the juror assures the trial court that he could apply the applicable law and give defendant a fair trial. State v. Ellwest, 412 So.2d at 595.
After a particular review of those parts of the voir dire relating to the questioning of the individuals who were challenged for cause, we find that all stated that they felt they could accept the applicable law and apply it. After questioning by the trial court and the State, they were adequately rehabilitated. We find no abuse of discretion in the trial court's refusal to dismiss them for cause.
Therefore, we find that these assignments lack merit.
ASSIGNMENT OF ERROR NUMBER 10
Defendant argues that the trial court erred in admitting defendant's prior conviction record at his habitual offender hearing because it constituted inadmissible hearsay. The State counters and asserts the provisions of La.R.S. 15:529.1(F). This statute created a statutory exception to the hearsay rule by making certain certified copies of prior conviction records prima facie evidence of the imprisonment and discharge of the individual. Our examination of the record indicates that a certified copy of defendant's record was introduced by the State. The trial court correctly admitted said record into evidence, as it complied with the provisions of law. See also State v. Lozier, 375 So.2d 1333 (La.1979).
At the habitual offender hearing, the State also called Christine Langlois, a fingerprint technician supervisor for the Louisiana State Police Criminal Records Unit. As such, she was custodian of defendant's fingerprints, and she testified that defendant's fingerprints on record and the fingerprints in connection with his current conviction were the same. For further verification, she took defendant's fingerprints at the hearing itself and confirmed that all prints matched. This assignment of error lacks merit.
ASSIGNMENTS OF ERROR NUMBERS 9, 11 AND 12
These assignments were not briefed on appeal. Under Rule 2-12.4 of the Uniform Rules of the Courts of Appeal, we consider these assignments as abandoned. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983).
ASSIGNMENT OF ERROR NUMBER 13
Defendant argues that his sentence is excessive. Defendant's total exposure was eighteen years. The trial court gave him ten years at hard labor.
The trial court noted defendant's extensive criminal record and stated that confinement was appropriate, because there was an undue risk that defendant would commit another crime if he were not incarcerated. Defendant's record established that in 1966 he pled guilty to felony theft and was sentenced to three years in the Parish prison. That sentence was suspended, and defendant was placed on probation for five years. While on probation, he was convicted of four misdemeanor charges and two felony charges. His probation was revoked on July 31, 1969. He pled guilty to simple burglary on July 10, 1969, and was sentenced to nine years in Louisiana State Penitentiary. He was released from there and returned to the Parish prison, where he was incarcerated until 1974 when he was released and placed on parole. In 1976 he was found guilty of misdemeanor theft and simple assault.
We agree with the trial court's finding that defendant needs correctional treatment and a custodial environment which can most effectively be provided by committing him to the jurisdiction of the Department of Corrections.
Even though defendant's sentence is not excessive, it is technically illegal. A sentence for simple burglary of a *626 pharmacy must be served "without benefit of parole, probation or suspension". La. R.S. 14:62.1(B). These conditions of sentence are still applicable if the defendant is sentenced as a habitual offender. La.R.S. 15:529.1; State v. Bruins, 407 So.2d 685 (La.1981). The trial court omitted this required language. Since the law requires such conditions, it is doubtful that the trial court's failure to use this language has any legal effect. However, an analysis of the statutory law and jurisprudence is necessary to determine what action, if any, we should take.
La.C.Cr.P. art. 882 provides as follows:
An illegal sentence may be corrected at any time by the court that imposed the sentence.
A sentence may be reviewed as to its legality on the application of the defendant or of the state:
(1) In an appealable case by appeal; or
(2) In an unappealable case by writs of certiorari and prohibition. Nothing in this article shall be construed to deprive any defendant of his right, in a proper case, to the writ of habeas corpus.
This language indicates that the trial court on its own motion can correct an illegal sentence at anytime. This language also indicates that either the state or the defendant may question the legality of a sentence by appeal or in an unappealable case by a writ. This language clearly does not limit the correction of sentencing errors only to those adverse to the defendant. In an appellate court, an illegal sentence is considered patent error. La.C.Cr.P. art. 920(2); State v. Wiggins, 432 So.2d 234 (La.1983); State v. Dorsey, 406 So.2d 1353 (La.1981); State v. Upton, 382 So.2d 1388 (La.1980); State v. Bluain, 315 So.2d 749 (La.1975). In each of the above cited cases, the appellate court recognized sentencing error adverse to the defendant (even though the defendant did not assert such error), vacated the sentence and remanded to the trial court for imposition of a legal sentence. The language of La.C.Cr.P. art. 920 does not restrict the recognition of patent error only to that which is adverse to the defendant. In State v. Goodley, 398 So.2d 1068, 1069 (La.1981), the Supreme Court stated:
Article 920 of the Code of Criminal Procedure dictates the scope of our review in criminal appeals and provides in pertinent part as follows:
"The following matters and no others shall be considered on appeal ... (2) An error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence." (emphasis provided)
Under this provision, the Court will consider any errors that are "discoverable by a mere inspection of the pleadings and proceedings," or patent errors. (Underscoring added).
By construing Articles 882 and 920 in pari materia (La.C.C. art. 17; State v. Brady, 310 So.2d 593 [La.1975]), it would appear that sentencing errors adverse to either the state or the defendant could be recognized by an appellate court on its own motion. However, in State v. Speed, 335 So.2d 28, 30 (La.1976), the court said:
In brief, the state points out that the defendant was sentenced to life imprisonment, whereas the mandatory statutory penalty is death for the crime of aggravated rape. La.R.S. 14:42. However, this contention raised by the state's brief is not before us upon this appeal by the defendant to have the conviction and sentence reviewed for prejudicial error affecting him. La.C.Cr.P. art. 911. The remedy for correction of the sentence, if illegal, is specifically provided by La.C. Cr.P. art. 882(1).
We note that, at the time of sentencing, the state did not object to imposition of the life sentence, nor has it ever made complaint in the trial court of the alleged illegality of the life sentence imposed. The state should present any contention of illegality to the trial court, with the trial court's determination being reviewable by supervisory writs to this court. La.C.Cr.P. art. 882(2). (Underscoring added).
*627 See also State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983). In Speed, the court only considered Article 882 and did not consider Article 920.
In State v. Telsee, 425 So.2d 1251 (La. 1983), the court corrected a sentencing error adverse to the state even though the state did not raise an objection in the manner prescribed in Speed. In Telsee, 425 So.2d at 1252, 1259 and 1261 appears the following:
This is a criminal appeal in which the defendant, Johnny Telsee, Jr., challenges his sentence of forty years at hard labor under the forcible rape statute as excessive punishment in violation of Article 1, Section 20 of the 1974 Louisiana Constitution.... This court has reheard the case, has found the sentence to be disproportionally excessive in one respect and unlawfully lenient in another, and now amends the sentence to twenty-five years imprisonment at hard labor, two years of which shall be without benefit of probation, parole, or suspension of sentence.
. . . . .
Although the trial court's sentence was disproportionately excessive in length, it was unlawfully lenient in another respect. The trial court did not specify that any part of the sentence was to be without benefit of parole, probation or suspension of sentence. By law at least two years of any forcible rape sentence must be without parole, probation or suspension of sentence. La.R.S. 14:42.1. Accordingly, the sentence must be amended to withdraw these benefits for two years of Telsee's sentence.
. . . . .
On the other hand, the trial court was unlawfully lenient in its failure to provide that at least two years of Telsee's sentence shall be without parole, probation or suspension of sentence.
For the reasons assigned, the sentence imposed by the trial court is amended by providing that two years of the sentence shall be served without benefit of parole, probation or suspension of sentence, and by reducing the term of the sentence to twenty-five years at hard labor. In all other respects, the sentence imposed by the trial judge is affirmed.
The court in Telsee did not refer to either Article 882 or 920 and corrected a sentencing error adverse to the state even though Article 882 provides that such an error "may be corrected at any time by the court that imposed the sentence." (Emphasis added). See footnote 6 in State v. Lewis, 430 So.2d 1286, 1293 (La.App. 1st Cir.1983).
The writ action taken by the Louisiana Supreme Court on this court's decision in State v. Napoli, 428 So.2d 957 (La.App. 1st Cir.1983) casts doubt on what action we should take on a sentencing error adverse to the state. In Napoli, the defendant was charged with aggravated crime against nature in violation of La.R.S. 14:89.1. He was found guilty of attempted aggravated crime against nature and sentenced to serve 4 years at hard labor with 1 and ½ years of the sentence to be served without benefit of probation, parole or suspension. Napoli appealed and alleged as error (among others) that his sentence was illegal because he was convicted of an attempt and denial of probation, parole and suspension was not authorized on an attempt conviction. This court did not agree with this argument. Cf. State ex rel. Sullivan v. Maggio, 432 So.2d 854 (La.1983). However, this court noted that La.R.S. 14:89.1 required that all of the sentence imposed must be without benefit of suspension, probation or parole and the sentence imposed by the trial court was in error. The sentence was vacated and remanded to the trial court for correction.
On March 16, 1983, pursuant to this court's order, the trial court corrected Napoli's illegal sentence. Napoli thereafter took a writ to the Louisiana Supreme Court which on September 2, 1983, in 437 So.2d 868 (La.1983), took the following per curiam action:
GRANTED IN PART. When the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal *628 erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect on defendant's exercise of his right to appeal. State v. Goodley, 398 So.2d 1068 (La.1981). The judgment of the court of appeal is set aside as to the sentence for attempted aggravated crime against nature, and the original sentence of the trial court is reinstated. Otherwise the writ is denied.
The court cited Goodley as authority for the proposition that "reviewing a sentencing error unfavorable to defendant" has a "chilling effect on defendant's exercise of his right to appeal" and is thus improper. We have carefully reviewed Goodley and do not perceive it as such authority. In Goodley, the defendant was charged with first degree murder and was convicted of manslaughter by a jury vote of 10 to 2. The precise holding of the court is found in Goodley, 398 So.2d at 1071 as follows:
In view of our holding that defendant's conviction was not valid because not returned by a unanimous jury and that his conviction and sentence must be set aside, we pretermit consideration of defendant's argument that his sentence was excessive.
The court recognized that the illegal jury verdict was patent error and did not review the sentence. The issue of patent error adverse to the state was not considered.
The implications of the Napoli writ action are significant. Is a sentencing error adverse to the state patent error as is a sentencing error adverse to the defendant? Is an appellate court barred from noticing a patent sentencing error adverse to the state even when the defendant questions the legality of the sentence? Is a trial court barred from correcting its own sentencing error which is adverse to the state unless the state follows the procedure required in Speed? Did Telsee overrule Speed ? Did the writ action in Napoli overrule Telsee?
Since Telsee was a fully considered opinion of the court and Napoli only a writ action based on doubtful authority, we elect to follow Telsee. The sentence is amended to provide that it shall be served without benefit of parole, probation or suspension. In all other respects, the conviction and sentence are affirmed.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AFFIRMED.
CRAIN, J., concurs with reasons.
CRAIN, Judge, concurring.
I concur with the views expressed in this opinion as to the problems in which we are now mired when a trial judge fails to sentence according to statutory requirements. To put the matter in its proper perspective we are talking here only about a situation where the trial judge fails to mouth the magic words "without benefit of parole, probation or suspension of sentence", when the sentence is required to be imposed without those benefits. It is an error which is inadvertent in that the trial judge merely forgets to say the magic words or in many instances, it is simply not taken down correctly by the minute clerk or court reporter. It is not a situation where the trial judge has any discretion whatsoever either to impose the sentence with benefit of parole, probation or suspension, or to do so with a discretionary number of years. A trial judge could not make a sentence with benefit of parole, probation or suspension of sentence when the statute says it is without such benefits, even if he tried. Regardless of what the trial judge says, the sentence is as required by the statute.
It is my view that a correction in these instances is unnecessary and a waste of judicial time. For instance, what if a trial judge says the sentence is without benefit of parole or probation, but he fails to state it is without suspension of sentence. If he has not suspended the sentence, obviously it is without suspension of sentence. Who else can suspend it? Why should the trial judge have to say it? Only the trial judge can put the defendant on probation. If he does not do it, why should he have to say he hasn't?
The only possible difference it could make is with a subsequent application for parole.
*629 At that point all the parole board has to do is look at the statute under which the defendant was sentenced, determine that the sentence had to be without benefit of parole, and deny the parole.
It is much ado about nothing. It is a prime example of judicial nitpicking when we have enough matters of significance with which to concern ourselves. It ought to be put to rest simply by asserting that the error has no legal significance and can just be left alone.