CRAIN, Judge.
This is an appeal by defendant of his conviction and sentence for armed robbery.
Defendant, Rickey Phillips, was charged by bill of information with having committed armed robbery in violation of La.R.S. 14:64. Defendant entered a plea of not guilty, was tried by a twelve person jury, and was found guilty as charged. Defendant was then charged under the Habitual Offender Law, La.R.S. 15:529.1, with being a second felony offender. The defendant pled guilty to the habitual offender charge and was sentenced to 33 years at hard labor. Defendant now appeals his conviction and sentence.'
The two victims herein, Gene Payne and Larry Clark, were seated in Mr. Payne’s kitchen quietly talking and drinking coffee on the evening of September 3, 1981. At about 10:30 p.m., the back screen door to the house burst open and defendant and another male known as “Roy” entered the kitchen. Defendant was carrying a sawed-off shotgun which he handed to “Roy” when they were fully into the kitchen. Defendant picked up Mr. Payne's shotgun which had been placed upright against the wall and pointed the gun at the victims. Mr. Payne, whose leg had been broken and was in a cast, was forced to lie on the floor. Both men were told to empty their pockets. Mr. Payne was robbed of all his money and was beaten with the butt of the shotgun. Mr. Clark, who did not have any money on him, was beaten with the sawed-off shotgun. The kitchen table was knocked over making a loud noise. Mr. Payne’s wife, who was on the front steps of the house, heard the noise, went to the back of the house and saw two men carrying guns. She ran immediately and called the police, who arrived about 15 minutes later. However, defendant and Roy had fled through the back door. Police ran after them, found the sawed-off shotgun about three blocks from the scene of the crime, and apprehended defendant about 10 blocks from the scene. The officers brought defendant back to confront the victims, who identified defendant as one of the gunmen. Defendant was arrested, charged and brought to trial.
ASSIGNMENTS OF ERROR
Defendant has briefed two assignments of error on appeal:
1. The trial court erred when it allowed the prosecutor to include extraneous evidence during his rebuttal closing argument.
*245 2. The trial court erred when it imposed an excessive sentence.[1]
Defendant complains that the trial court erred when it allowed the prosecutor during his rebuttal closing argument to make references to his own personal experience of being held at gun-point. This error, defendant argues, was compounded when the court allowed the prosecutor to later tell of the experience of a bank teller who was held at gunpoint. Defendant argues that such references are extraneous to the case at hand, are irrelevant, immaterial and highly prejudicial to defendant, and are in direct contravention of La.C.Cr.P. art. 774 which provides:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
The record before us on appeal reveals that the prosecutor’s references to other robberies he had prosecuted were intended to make the point that victims of crime do not always remember the incident in the same way. Such remarks were made during clearly permissible rebuttal to closing arguments raised by defense counsel that the testimony of the victims herein contained many inconsistencies. Our review of the record convinces us that, in view of the overwhelming evidence of guilt, the prosecutor’s remarks did not influence the verdict of the jury. Therefore, we cannot say that the prosecutor’s remarks prejudiced the defendant.[2] State v. Winn, 412 So.2d 1337 (La.1982).
We find that the trial court, in overruling defendant’s objection to the remarks complained of, properly exercised' its broad discretion in this area. Accordingly, there is no merit to this assignment of error.
ASSIGNMENT OF ERROR NO. 5
Defendant contends that his sentence is excessive within the meaning of Article 1, Sec. 20 of the Louisiana Constitution of 1974, which provides that no law shall subject a person to “cruel, excessive, or unusual punishment.”
Defendant was sentenced to serve 33 years at hard labor following his conviction for armed robbery as a second felony offender. As a second felony offender, defendant could have received a maximum sentence of 198 years imprisonment at hard labor without probation, parole or suspension of sentence and a minimum sentence of not less than 33 years at hard labor without probation, parole or suspension of sentence. La.R.S. 14:64 and La.R.S. 15:529.1(A)(1); State v. Bruins, 407 So.2d 685 (La.1981). Since defendant received the minimum allowable under La.R.S. 15:529.1 (habitual offender law), defendant’s sentence is not excessive.
On review of the transcript of the sentencing hearing, it is evident that the trial judge stated the factors present in this case which he took into account when sentencing defendant. These factors are set forth in La.C.Cr.P. art. 894.1 and are guidelines to help the trial judge determine a particular sentence. Since the trial judge adequately complied with the sentencing guidelines, on review of his reasons for sentencing, we find the defendant’s sentence is not excessive. There is no merit to this assignment of error.
*246 We note that the trial court in sentencing the defendant failed to impose the qualifying clause “without benefit of parole, probation or suspension of sentence” onto the sentence of 33 years at hard labor. In accordance with State v. Jackson, 439 So.2d 622 (La.App. 1st Cir.1983), writs granted in part and denied in part, 443 So.2d 1123 (La.1984), the sentence is amended to provide that it shall be served without benefit of parole, probation or suspension.[3]
For the foregoing reasons, we affirm the conviction and amend and affirm the sentence.
CONVICTION AFFIRMED, SENTENCE AMENDED AND AFFIRMED.

. The record reflects five assignments of error. Two were identical and are contained in assignment of error no. one in defendant’s brief. The other two were not identified or briefed in defendant’s brief on appeal and arc therefore considered abandoned. Rule 2-12.4, Uniform Rulcs-Courts of Appeal, State of Louisiana. State v. Trevathan, 432 So.2d 355 (La.App. 1st Cir.1983), writ denied, 437 So.2d 1141 (La. 1983).

. Actually, although the prosecutor started to remark about his experience in looking at a gun and the experience of a bank teller, objection was made and even though overruled, the prosecutor did not proceed any further with this argument. Thus, no conclusion was ever drawn for the jury to consider.

. Note my concurring opinion in Jackson where I pointed out that this omission is of no consequence because the trial judge has no discretion and is required by statute to impose the sentence without benefit of parole, probation or suspension of sentence.