WILLIAMS, Judge.
Defendants Vernadine Avery and Tyrone Gayden were convicted of attempted armed robbery. Defendant Avery was sentenced to serve twenty-five years in the custody of the Department of Corrections, and defendant Gayden to serve twenty, as habitual offenders (LSA-R.S. 15:529.1). Both defendants appeal requesting a review of their convictions and sentences for errors patent and a review of the record for sufficiency of the evidence.
The evidence presented at trial established that Reed Bonzell and a friend were walking home from a tavern at about 1:30 a.m. on February 26, 1983, when two strangers who had been following them for some time began harrassing Bonzell and making sexual advances at him. His friend flagged down a car and left. When Bon-zell got to his apartment building he pounded on the door to a ground-floor apartment, calling for help. The two strangers pinned him against the door and the woman squeezed his testicles. When he pushed the woman away, the man was behind him. Bonzell received several blows and fell to the ground. He felt hands rifling through his pockets. Bonzell’s upstairs neighbor, Walter Hale, had been awakened by Bon-zell’s cries for help and saw the entire incident through his window. When he yelled at them to stop, they threw a bottle *784 at Bonzell, hitting him in the jaw, and fled. Officers Wayne Varuso and Joseph Lorenzo arrived and were approached by Bonzell, who was bleeding from his left arm. Bon-zell’s description of his assailants matched that of two individuals the officers had seen just before reaching the scene of the crime. The officers arrested defendants Avery and Gayden two blocks away. A large knife was protruding from Gayden’s knapsack, and a second knife was found on Avery. The officers brought Avery and Gayden back to the scene of the crime, and both Bonzell and Hale positively identified them. The officers then realized Bonzell had been stabbed, and summoned an emergency unit. At the hospital, Bonzell realized he had lost either two or three twenty dollar bills.
A review of the record indicates one error patent. The defendants’ sentences were required to be “without benefit of parole, probation or suspension of sentence.” LSA-R.S. 14:64, 14:27. Their sentences did not reflect the statutorily mandated ineligibility for benefits and should be amended to conform with the provisions of the statutes under which the defendants were convicted.
In State v. Telsee, 425 So.2d 1251 (La.1983), the Louisiana Supreme Court held that the defendant’s sentence was “unlawfully lenient” because it failed to specify that the defendant would be ineligible for parole, probation or suspension for the two year period mandated by the statute under which the defendant was convicted (LSA-R.S. 14:42.1, forcible rape). The sentence was amended to withdraw those benefits for two years.
The Supreme Court then contradicted Telsee by refusing to allow the amendment of a sentence to deny benefits of parole, probation or suspension in conformance with the statute under which the defendant was convicted. The court explained:
[W]hen the defendant alone seeks review of a conviction and sentence, the court of appeal should review only those issues raised by the defendant and any patent errors favorable to defendant. The court of appeal erred in this case by reviewing a sentencing error unfavorable to defendant, thereby providing a chilling effect on defendant’s exercise of his right to appeal.
State v. Napoli, 437 So.2d 868 (La.1983). It is difficult to see how the correction of an illegal sentence by an appellate court could have a chilling effect on a defendant’s exercise of his right to appeal. An illegal sentence may be corrected at any time by the court that imposed the sentence. La.C.Cr.P. art. 882. The appellate court is not penalizing the defendant, but only assuring that his sentence will conform to the terms of the statute under which he was convicted.
In State v. Jackson, 439 So.2d 622 (La. App. 1st Cir.1983), writ granted in part and denied in part, 443 So.2d 1123, the First Circuit followed Telsee, an opinion rendered after a full-fledged appeal, rather than the more recent Napoli decision, which was only a per curiam ruling on a writ application. This court followed the October, 1983, decision of the First Circuit with several opinions similarly electing Tel-see in lieu of Napoli. State v. Dixon, 442 So.2d 840 (La.App. 4th Cir.1983); State v. Lee, 445 So.2d 54 (La.App. 4th Cir.1984); State v. Lodge, 447 So.2d 88 (La.App. 4th Cir.1984).
On January 6, 1984, the Louisiana Supreme Court granted writs to the First Circuit’s decision in State v. Jackson, supra. Pending resolution of the matter we will continue to follow Telsee[1] and therefore amend the defendant’s sentence to provide that he shall be ineligible for the benefit of parole, probation or suspension for the initial year of his sentence.
We have also reviewed the record to assess the sufficiency of the evidence.
*785 “Armed robbery is the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by use of force or intimidation, while armed with a dangerous weapon.” LSA-R.S. 14:64.
“Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishment of his object is guilty of an attempt to commit the offense intended ...” LSA-R.S. 14:27.
Upon viewing the evidence in the light most favorable to the prosecution, we find that a rational trier of fact could have concluded that the essential elements of the crime of attempted armed robbery were proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Edwards, 400 So.2d 1370 (La.1981).
For the foregoing reasons, the convictions of the defendants are affirmed and the sentences imposed by the trial court are amended to provide that they shall be served without benefit of parole, probation or suspension of sentence.
AFFIRMED AS AMENDED.

. In State v. Irvin McCoy, 450 So.2d 690 (La. App. 4th Cir.1984), the court expressly overruled those cases holding that an unlawfully lenient sentence cannot be corrected on appeal, and amended the defendant’s sentence to provide for the penalties required by law.