DOMENGEAUX, Judge.
Defendant Eddie Dean Mouton was charged by bill of information with two counts of simple burglary, a violation of La.R.S. 14:62. Ultimately he went to trial before a six person jury which found him guilty of a lesser included offense, i.e., attempted simple burglary, on each count. Attempted simple burglary is defined by *426 La.R.S. 14:27 and La.R.S. 14:62. On August 7, 1984, the defendant was sentenced to serve three (3) years at hard labor on each conviction with the terms to run consecutively.
The defendant has not filed a brief or any specific assignments of error. Consequently, this case will only be reviewed for errors patent on the face of the record. State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983).
Accordingly, we have conducted a careful examination of the record before us pursuant to the provisions of La.C.Cr.P. Art. 920 and finding no errors patent on the record, we hereby affirm the conviction and sentence. (See Appendix A).
AFFIRMED.
APPENDIX A
REVIEW FOR ERRORS PATENT ON THE RECORD:
On November 14, 1983, the defendant was charged by a bill of information with two counts of simple burglary, a violation of La.R.S. 14:62. This bill of information was signed by the Assistant District Attorney and is in proper form.
On December 8, 1983, the defendant, accompanied by appointed counsel, waived formal arraignment and entered a plea of not guilty to both counts. The court minutes reflect that the defendant was present during selection of the jury, at all times during trial, and was present when judgment was rendered.
The defendant was charged with a violation of La.R.S. 14:62 (two counts) which necessarily requires a six person jury, all of whom must concur to render a verdict. On July 19-20, 1984, the defendant was tried before a six person jury and found guilty of a lesser included offense, attempted simple burglary, on each count.
On August 7, 1984, the defendant was sentenced to serve three (3) years at hard labor on each count, which is within the statutory limits of La.R.S. 14:27 D(3) and La.R.S. 14:62. The two three year terms are to run consecutively and the minutes reflect the sentence imposed.
There is no question presented herein as to the constitutionality of either La.R.S. 14:27 or La.R.S. 14:62. There appears to have been no errors committed by the district court which are patent on the record.