YELVERTON, Judge.
Bobby Dean Rodgers, age 53, was convicted by a jury of first-degree robbery, a violation of La.R.S. 14:64.1, and sentenced to 40 years at hard labor.
Rodgers entered the Family Credit Plan Office in Alexandria on June 4, 1986, and took money belonging to the Credit Plan from Kim Berjeaux, by making Ms. Ber-jeaux believe he was armed with a dangerous weapon.
Defendant appeals the sentence of 40 years as excessive, particularly in view of his stated age of 53.
The record shows the sentencing judge did not make this sentencing choice hurriedly. First he ordered a presentence investigation. When the report reached him and contained details of extensive criminal activity in Michigan, which Rodgers denied, along with other recitations denied by Rodgers, the trial judge ordered a further presentence investigation and report. The second report included certified copies of convictions in Michigan and Iowa. These records show that Rodgers is a fifth felony offender and has been in trouble with the law most of his life. He has served time on four separate felony sentences. He told the probation officer doing the presentence investigation that he was a Louisiana native and went to high school at Bolton High School in Alexandria for two years. School records in Rapides Parish failed to substantiate this. He told the officer he was married and living with his wife at a given address near Cotile Lake. The probation officer was unable to locate or contact this person.
In addition to his conviction of the present offense and his prior convictions, it was brought to the trial judge’s attention that three recent charges were pending against the defendant in Rapides, two for armed robbery and one for simple robbery. The judge could properly consider the pending charges. State v. Brown, 410 So.2d 1043 (La.1982).
After the second presentence report the judge sentenced defendant.
On this record we cannot say that the trial judge abused his discretion and gave an excessive sentence. La. Const. 1974 Art. 1 § 20 prohibits imposition of excessive punishment, and a sentence may be excessive even though it is within the statutory limits. State v. Sepulvado, 367 So.2d 762 (La.1979). The present sentence was the maximum permissible under R.S. 14:64.1(B). Maximum sentences are reserved for the most egregious offenses, committed by the worst offenders. State v. Telsee, 425 So.2d 1251 (La.1983).
We note also that R.S. 14:64.1(B) provides that the sentence for conviction of first-degree robbery shall be imposed “without benefit of parole, probation or suspension of imposition or execution of sentence.” The trial judge, however, failed to impose defendant’s sentence with any of the aforementioned restrictions. As a result the sentence is unlawfully favorable to defendant. However, the appellate court is precluded from raising this error on its own motion. See State v. Jimmerson, 432 So.2d 1093 (La.App. 3rd Cir.1983).
Considering Rodgers’ extensive criminal history, his age and maturity, and the current charges against him — two of armed robbery — the maximum sentence was not excessive.
AFFIRMED.