COVINGTON, Judge,
specially concurring:
It would be barely worthwhile to belabor the point were it not for the per curiam statement of our Supreme Court in a recent writ application in “State of Louisiana versus Charles Napoli,” 437 So.2d 868, No. 83-K-0667, wherein the justices stated that to review a patent sentencing error favorable to a defendant would provide “a chilling effect on defendant’s exercise of his right to appeal.”
The authority cited for such a sweeping pronouncement is State v. Goodley, 398 So.2d 1068 (La.1981). Goodley is not supportive of any proposition referred to in Napoli. Goodley allows the appellate re *640 view of a patent error; and, in its review the Supreme Court discovers that the verdict finding the defendant guilty of manslaughter was by a ten to two vote of the petit jury. It reversed the conviction because it was considered invalid as not having been returned by a unanimous jury. The Goodley case has nothing whatever to do with sentencing error.
Certainly, no language used by the Court in Goodley would lead one to believe that the consideration of patent errors (no matter in whose favor) by an appellate court (intermediate or supreme) would be construed as having a “chilling effect” on a defendant’s exercise of his right to appeal. The increase in the number of appeals in criminal cases, although no statistics were referred to in Napoli, would not seem to suggest that defendants are being or will be deterred or discouraged from appealing their cases.
Moreover, the mere correction of the language of the sentence to conform to the dictates of the legislative branch, so that the sentence be on condition that it is without the benefit of parole, pardon or suspension can not be construed as “changing” or “increasing” the sentence. Since the law, as stated by the legislature, requires that the sentence be with such condition, the failure of the trial court to expressly use the language of the condition is without legal effect.
An illegal sentence is no sentence at all. Such a sentence, if allowed to stand, usurps the proper function of the legislature. That co-equal branch of government, attuned to the will of our people (who are demanding the restoration of respect for, and the protection of, property and personal rights) has enacted statutes proscribing certain conduct and prescribing penalties for the violation thereof. When, as in the case sub judice, the penalty is mandatory, judicial activism should not be employed, as in State v. Napoli, to invade, circumvent or render ineffective the province of the legislature. Unless the statute prescribing the sentence is unconstitutional as cruelly abusive, the courts have no authority to disregard or thwart its mandatory language. Our laws deserve greater respect — particularly from the judicial branch.
Lip service and platitudinous public pronouncements are inadequate to merit public confidence in our judicial system. Such solemn declarations should be buttressed and brought to fruition through correlative action in our courts. Otherwise, can we ingenuously contend that the skepticism which exists among many members of our profession as well as among lay persons is not warranted?
I submit that the pertinent portions of the dissenting opinions of Chief Justice Sanders[1] and Justice Summers[2] in State v. Speed reflect a more properly judicious judicial philosophy.[3]

. I concur in the affirmance of the conviction. I am of the opinion, however, that the illegal sentence should be vacated and the case remanded to the trial court with instructions to the judge to impose the mandatory sentence required by statute....

. Punishment for crimes is a matter for the legislature. Trial judges must obey legislative enactments on that subject. The trial judge, here unless the statute prescribing the punishment had been declared unconstitutional, should have imposed the prescribed penalty.

. Justice Marcus also dissented in the 4-3 decision, State v. Speed, 335 So.2d 28 (La.1976).