719 So.2d 100 (1998)
STATE of Louisiana
v.
William Edward SELF, Sr., DefendantAppellant.
No. CR98-39.
Court of Appeal of Louisiana, Third Circuit.
August 19, 1998.
Don M. Burkett, Many, for State.
Paula C. Marx, Lafayette, for William Edward Self, Sr.
Before THIBODEAUX, SAUNDERS and WOODARD, JJ.
WOODARD, Judge.
On August 2, 1996, defendant, William Edward Self, Sr., was charged by a grand jury indictment with one count of aggravated rape of a child under twelve years of age, a violation of La.R.S. 14:42. Defendant entered a plea of not guilty to the charge on August 22, 1996. After a trial by jury held April 14-17, 1997, defendant was found guilty as charged. The trial court sentenced defendant, on October 23, 1997, to life imprisonment at hard labor, without the benefit of probation, parole or suspension of sentence. Defendant appeals his conviction, alleging three assignments of error. We reverse and remand for a new trial.

FACTS
The trial court found that the defendant had raped his daughter, who was age eleven at the time of trial, over an extended period of time. The bill of indictment alleges that defendant raped her between June 1995 and March 1996. However, specific dates were not established at trial.

ASSIGNMENTS OF ERROR
Defendant alleges:
1. The trial court erred in charging the jury that the verdict in this case could be by a vote of ten out of twelve, rather than unanimously, as required *101 for a case that may be capital under La.Code Crim.P. art. 782.
2. The trial court erred in accepting a verdict of eleven to one in this case when a case that may be capital requires all to concur under La.Code Crim.P. art. 782.
3. The verdict herein fails to meet the legal standard for sufficiency of the evidence.

LAW

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. We note that the record indicates the possibility of an error patent regarding whether the jury was properly sequestered; however, the record before us is ambiguous on this issue. While this possibility poses concern, we need not resolve this issue at this time, as we find a reversal and remand are warranted on other grounds.

ASSIGNMENT OF ERROR NUMBER 3SUFFICIENCY OF THE EVIDENCE
In this assignment, defendant challenges the sufficiency of the evidence to support his conviction. In accordance with State v. Hearold, 603 So.2d 731 (La.1992), we must address this assignment first. As discussed below, we find the defendant's claim of insufficiency is without merit.
The only element challenged by defendant is whether anal or vaginal sexual intercourse occurred. Defendant alleges the following:
In this case, the State failed to prove beyond a reasonable doubt that anal or vaginal sexual intercourse occurred. During the investigation, [P.S.] only described improper "touching" by her father. (Rec. P. 101, 121) Debra Waters, Office of Community Services, testified that [P.S.] never said anything about genital contact, and it was not until after the medical examination that they believed genital contact had occurred. Joann Carter, a juvenile officer with the Sabine Parish Sheriff's Office, stated she knew of no occasion where [P.S.] has said there was genital contact between her and her father. (Rec. P. 123) Claudia Triche, a social worker, testified that [P.S.] states that her father touched her private parts and that he climbed on top of her and she has never told me anything other than that. (Rec. P. 145, 153)
There was physical evidence of abuse; however, Dr. Ann Springer, indicated that she could not testify as to what caused the penetration. (Rec. P. 137-138, 140). Prior to trial, [P.S.] described only "touching." It was not until trial that [P.S.] answered, "Yes" when asked, "Did he ever put his private part together with yours?" (Rec. P. 132) A reasonable doubt exists as to whether or not sexual intercourse occurred. The state has failed to prove the essential elements of the crime beyond a reasonable doubt. Accordingly, the conviction should be reversed.
The evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could conclude that the state proved the essential elements of a crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Our Jackson review established that the victim testified that defendant touched her private part with his, that defendant was the only one who touched her privates. Dr. Ann Springer, a pediatrician, who specialized in child abuse, testified that the victim's vagina had been penetrated. The state satisfactorily proved the required element of penetration. As previously stated by this court, "[a]ny penetration, however slight, of the aperture of the female genitalia, even its external features, is sufficient." State v. Bertrand, 461 So.2d 1159, 1161 (La. App. 3 Cir.1984), writ denied, 464 So.2d 314 (La.1985).
This assignment of error lacks merit.

ASSIGNMENTS OF ERROR NUMBERS 1 & 2THE NUMBER OF VOTES FOR THE VERDICT
In assignment of error number 1, the defendant claims that the trial court erred in instructing the jury that they were required to reach a verdict of ten out of twelve rather than a unanimous verdict as required for capital cases under La.Code Crim.P. art. 782.
*102 In assignment of error number 2, the defendant claims that the trial court erred in accepting the jury's non-unanimous verdict of eleven to one. For the foregoing reasons, these errors require reversal of the conviction and remand for a new trial.
At trial, the trial court noted it planned to instruct the jury that the verdict required was ten of twelve. Defense counsel lodged his objection, arguing that State v. Lott required a unanimous verdict. No citation was given for Lott. The state responded that it had waived the option of pursuing the death penalty.
La.Code Crim.P. art. 782 provides in pertinent part:
A. Cases in which punishment may be capital shall be tried by a jury of twelve jurors, all of whom must concur to render a verdict. Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. Cases in which the punishment may be confinement at hard labor shall be tried by a jury composed of six jurors, all of whom must concur to render a verdict.
(Emphasis added).
In State v. Goodley, 398 So.2d 1068, 1071 (La.1981), the supreme court held "that a unanimous jury is required in a case where the defendant is being prosecuted under an unamended charge of first degree murder, a capital offense, to render any verdict, notwithstanding the fact that the state may have stipulated that it would not seek the death penalty." The court reasoned:
The Legislature, in enacting the controlling provision herein, relied on the severity of the punishment provided for a crime as the basis for its classification scheme in providing the number of jurors which must compose a jury and the number of jurors which much concur to render a verdict. As stated above, La. Const. of 1974 Art. I, § 17 and C.Cr.P. art. 782 provide in pertinent part:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.
Thus, the Legislature determined that for crimes that were so serious as to validly carry the death penalty, certain special procedural rules were additionally required, among which was the requirement of a unanimous jury to render a verdict. This determination is not based on an after the fact examination of what crime the defendant may eventually be convicted of, nor is it based on an after the fact examination of what sentence he receives. Rather, the scheme is based on a determination by the Legislature that certain crimes are so serious that they require more strict procedural safeguards than other less serious crimes. It was determined that in charged capital offenses a unanimous verdict for the conviction, not just sentencing, is necessary and there is no attendant provision giving the state the authority to alter that scheme on its own motion by simply stipulating that the death penalty will not be sought in a certain case.
Id. at 1070-1071. Finding the defendant's conviction invalid, the court set aside the defendant's conviction and sentence, and remanded the case for a new trial.
The court in Goodley distinguished State v. Jones, 385 So.2d 786 (La.1980), based on the fact that Jones dealt with an offense wherein the death penalty had been declared unconstitutional. The court in Goodley distinguished Jones as follows:
However, Jones is distinguishable from the case under consideration because Jones involved a situation where the death penalty provision had been declared unconstitutional, whereas here the death penalty provision is valid and enforceable, making first degree murder "a criminal case in which the punishment may be capital."
Id. at 1071, n. 4.
The state submits two arguments in support of finding Goodley distinguishable. First, the state argues that defendant should not have been exposed to the death penalty because the death penalty did not become available until two and one-half months after defendant's conduct began. Our review of the record reveals that it is not clear in the present case whether the conduct at issue *103 occurred before or after the death penalty provision for aggravated rape became effective. The indictment charges defendant with committing an aggravated rape upon the victim between June of 1995 and March of 1996. However, the testimony at trial does not establish any dates. The victim testified that the conduct occurred more than once and occurred over a long period of time:
Q. And you said this happened more than once?
A. Yes.
Q. Do you remember overwas this over ahow long had this been going on,...?
A. A long time.
Q. Okay. Now, when we say a long time, are we talking about like a week or a month or more than a month or a year or day or whathow long are we talking about as best you can tell?
A. More than a month.
Q. Would it have been more than two months?
A. Yes.
Q. What about more than maybe six monthsthat's a half a year?
A. Yes.
The death penalty provision for aggravated rape became effective in August of 1995. It is clear from this testimony that, although the conduct may have occurred before August 1995, it also occurred after August 1995. Thus, the death penalty was applicable.
Second, the state argues that Goodley and all the cases which have applied Goodley are homicide cases wherein a verdict was rendered for the charged offense or a lesser included offense and that the homicide statutes provide the state with an alternative billing to first degree murderi.e., second degree murder, which is punishable by life imprisonment. However, in the case of an aggravated rape, there is no alternative billing. In Goodley, the court stated, "if the state does not want to meet the unanimous verdict requirement mandated in prosecutions of capital crimes, it can re-charge the defendant with a non-capital crime." Id. at 1071. As argued by the state, such an option is not available to a district attorney, charging a defendant with aggravated rape. We find that the state's distinction is not persuasive, particularly in view of the legislative mandate of La.Code Crim. P. art. 782, and as we determined above that the defendant was legally subject to the death penalty because of the Wilson decision, the holding of Goodley is applicable to these facts.
Finally, we note that the penalty provision for aggravated rape, La.R.S. 14:42, was amended in the 1997 legislative session to provide as follows:
D. Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
(1) However, if the victim was under the age of twelve years, as provided by Paragraph A(4) of this Section:
(a) And if the district attorney seeks a capital verdict, the offender shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, in accordance with the determination of the jury. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment may be capital shall apply.
(b) And if the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply.
It appears from this amendment that the legislature intended to overrule Goodley in aggravated rape cases. However, since this amendment was not in effect either at the time the offense was committed in the present case, nor at the time of trial, it is not applicable to the present defendant.
Under the law applicable at the time of the defendant's trial, La.Code Crim.P. art. 782 and Goodley, the trial court erred. Defendant is entitled to a new trial.

*104 CONCLUSION
Defendant's conviction and sentence for aggravated rape of a person under twelve years of age is reversed and set aside. The matter is remanded to the district court for a new trial.
REVERSED AND REMANDED.
THIBODEAUX, J., concurs and assigns written reasons.
THIBODEAUX, Judge, concurring.
I concur that the procedural error noted by the majority requires a reversal and a remand for a new trial. However, I add these comments to note my disagreement with the discussion of the sufficiency of the evidence. The majority cites State v. Hearold, 603 So.2d 731 (La.1992) in justifying the need for this discussion. The majority misreads State v. Hearold.
State v. Hearold deals with evidentiary issues revolving around the admission of inadmissible evidence. In this particular case, there is no such dispute. While the dispute revolves around a procedural error, the procedural error focuses on the number required to reach a guilty verdict. State v. Hearold does not require a discussion of the sufficiency of the evidence under these circumstances. State v. Hearold says:
When the entirety of the evidence, including inadmissible evidence which was erroneously admitted, is insufficient to support the conviction, the accused must be discharged as to that crime, and any discussion by the court of the trial error issues as to that crime will be pure dicta since those issues are moot.
On the other hand, when the entirety of the evidence, both admissible and inadmissible, it is sufficient to support the conviction, the accused is not entitled to an acquittal, and the reviewing court must then consider the assignments of trial error to determine whether the accused is entitled to a new trial. If the reviewing court determines there has been a trial error (which was not harmless) in cases in which the entirety of the evidence was sufficient to support the conviction, then the accused must receive a new trial, but is not entitled to an acquittal even though the admissible evidence, considered alone, was insufficient. Lockhart v. Nelson, 488 U.S. 33, 109 S.Ct. 285, 102 L.Ed.2d 265 (1988).
Id. at 734.
There was absolutely no issue regarding the introduction of inadmissible evidence in this case. Inappropriate discussion of sufficiency of the evidence leads one to believe that this court has already decided the guilt of the accused, absent any considerations of inadmissible evidence, even before the retrial of the accused. That is highly unnecessary and inappropriate under the circumstances of this case. State v. Hearold does not stand for the proposition that every trial error requires a discussion of sufficiency of the evidence.