772 So.2d 337 (2000)
STATE of Louisiana
v.
William E. SELF, Sr.
No. 00-633.
Court of Appeal of Louisiana, Third Circuit.
November 2, 2000.
Don M. Burkett, District Attorney, Many, LA, Counsel for Appellee.
John Cucci, Jr., Shreveport, LA, Counsel for Defendant/Appellant.
(Court composed of Judge BILLIE COLOMBARO WOODARD, Judge MARC T. AMY and Judge MICHAEL G. SULLIVAN).
AMY, Judge.
Defendant previously appealed his conviction for aggravated rape of a child under the age of twelve years. After finding reversible error, a previous panel of this court remanded the case for a new trial. On remand, the defendant pled guilty to the reduced charge of attempted forcible rape and was sentenced to serve twenty years at hard labor, ten years of which were suspended. The defendant appeals, alleging that his conviction and sentence are unconstitutional and in violation of the laws pertaining to double jeopardy. For the following reasons, we affirm.

*338 Factual and Procedural Background
On August 2, 1996, the defendant, William E. Self, Sr., was charged by a grand jury indictment with one count of aggravated rape of a child under the age of twelve years, a violation of La.R.S. 14:42(A)(4). After a trial by jury held April 14-17, 1997, the defendant was found guilty as charged and was sentenced to life imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence. The defendant later appealed his conviction and sentence alleging that the trial court erred by accepting an eleven-to-one guilty verdict rather than the required unanimous verdict for capital cases under La.Code Crim.P. art. 782. A panel of this court, relying on State v. Goodley, 398 So.2d 1068 (La.1981), found error in the guilty verdict and reversed the defendant's conviction and sentence and remanded the case for new trial. State v. Self, 98-39 (La.App. 3 Cir. 8/19/98); 719 So.2d 100, writ denied, 98-2454 (La.1/8/99); 734 So.2d 1229.
On October 4, 1999, while the case was pending on remand, the defendant filed a motion to quash the indictment and bar reprosecution of the aggravated rape charge based on the principles of double jeopardy. On November 23, 1999, the trial court denied the motion.[1] Thereafter, on February 14, 2000, the State amended the indictment against the defendant to the charge of forcible rape, a violation of La. R.S. 14:42.1(A)(1). The matter proceeded through trial, and the jury received the case on February 16, 2000. During deliberations, the jury informed the court that it was deadlocked. Once informed of the jury's note to the court, the State and the defendant entered into a plea bargain wherein the defendant agreed to plead guilty to attempted forcible rape, a violation of La.R.S. 14:42.1(A)(1) and La.R.S. 14:27, with no sentencing recommendations. On March 10, 2000, the defendant was sentenced to twenty years at hard labor, ten years of which were suspended. The defendant was placed on five years supervised probation upon his release from prison, with the condition that he not have any contact with the victim.
The defendant appeals, alleging the following:
1. The trial court erred where the defendant was deprived of having his case decided by the first jury seated to decide his case in violation of Double Jeopardy Provisions of the United States Constitution and Louisiana State Constitution and Laws.
2. The defendant was deprived his Constitutional right to have his trial completed by a particular jury.

Discussion of the Merits

Errors Patent
In accordance with La.Code Crim.P. art. 920, we have reviewed this matter for errors patent on the face of the record. Upon review, we find one such error. During the sentencing hearing the trial court informed the defendant that he had three years to file for post-conviction relief. However, this was in error. According to La.Code Crim.P. art. 930.8, as amended by Acts 1999, Act No. 1262 § 1, effective August 15, 1999, the defendant has two years from the date the judgment and sentence becomes final to file for post-conviction relief. Therefore, we direct the trial court to inform the defendant of the provisions of Article 930.8 by sending appropriate written notice to the defendant within ten days of the rendition of this opinion and to file written proof that the defendant received the notice in the record of the proceedings. See State v. Dozier, 97-1564 (La.App. 3 Cir. 5/20/98); 713 So.2d 729, writ denied, 98-1694 (La.11/25/98); 729 So.2d 573.

Double Jeopardy
In both assignments of error, the defendant principally argues that the State's *339 prosecution of him for forcible rape, after reversal and remand of his conviction for aggravated rape of a child under the age of twelve years, was a violation of his constitutional protection against double jeopardy. We find no merit in this argument.
The Double Jeopardy Clause of the United States Constitution's Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." See also La. Const. art. 1 § 15[2]; La.Code Crim.P. art. 591 et seq. The Louisiana Supreme Court has held that when a non-waivable defect, such as an illegal verdict, fails to result in either a conviction or acquittal at the defendant's first trial, the double jeopardy provision of the Fifth Amendment does not bar retrial of the defendant. State v. Mayeux, 498 So.2d 701 (La.1986); State v. Goodley, 423 So.2d 648 (La.1982). See United States v. Jorn, 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). In such cases, it is as if the jury in the prior proceeding failed to reach a decision. Goodley, 423 So.2d 648. Therefore, we find that the State's prosecution of the defendant for forcible rape, and the trial court's acceptance of the defendant's guilty plea for attempted forcible rape after remand from the appellate court, were not violations of the principles of double jeopardy as provided by the United States Constitution, Louisiana Constitution, or La.Code Crim.P. art. 591 et seq.

DECREE
For the foregoing reasons, the conviction and sentence of the defendant, William E. Self, Sr., are affirmed.
AFFIRMED.
NOTES
[1] The defendant applied for a writ of review with this court seeking reversal of the trial court's ruling on his motion to quash. The writ was denied. State v. Self, 99-1957 (La. App. 3 Cir. 1/14/99); unpublished.
[2] La. Const. art. 1, § 15 states in part, that "No person shall be twice placed in jeopardy for the same offense, except on his application for a new trial, when a mistrial is declared, or when a motion in arrest of judgment is sustained."