938 So.2d 712 (2006)
STATE of Louisiana
v.
Patrick MIZELL.
No. 2005 KA 2516.
Court of Appeal of Louisiana, First Circuit.
June 9, 2006.
Charles C. Foti, Jr., Attorney General, Kristi D. Hagood, Assistant Attorney General, Baton Rouge, Dorothy A. Pendergast, Special Appeals Counsel, Metairie, for State of Louisiana.
John W. Lindner, II, Covington, for Defendant-Appellant Patrick Mizell.
Before: PARRO, McDONALD, and HUGHES, JJ.
PARRO, J.
The defendant, Patrick Mizell, was charged by grand jury indictment with *713 aggravated rape, a violation of LSA-R.S. 14:42. He pled not guilty. The state did not elect to seek the death penalty for this offense, and following a trial, the jury returned a non-unanimous (11-1) verdict of guilty as charged. The defendant moved for a new trial, but the trial court denied the motion. The defendant was sentenced to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. The defendant now appeals, urging in a single assignment of error that the trial court erred in denying the motion for a new trial, as a conviction under LSA-R.S. 14:42(A)(4)[1] requires a unanimous verdict. Finding no merit in the assigned error, we affirm the defendant's conviction and sentence.

FACTS
On at least two separate occasions, the defendant sexually abused his younger cousin, C.B.[2] One night, C.B. was asleep in her home when she was awakened by a "sharp pain" in her vaginal area. Once she was completely awake, C.B. observed the defendant on top of her moving up and down. The defendant covered C.B.'s face with his hands to prevent her from making any noise. The defendant continued to move up and down causing pain to C.B.'s vagina. C.B. denied penetration during this incident. When asked if the defendant touched her with his penis, C.B. replied, "other than the pain, no." The defendant warned that he would hurt C.B. if she told anyone what had occurred. A few days later, in response to an inquiry by her brother as to whether "anything bad happened to [her]," C.B. told her brother of the incident. C.B.'s brother informed her that he had entered the room that night and witnessed the defendant on top of her. Neither C.B. nor her brother reported the incident to an adult. C.B. indicated that her decision not to report the incident was based upon the threat of harm made by the defendant. According to C.B., she was eight years old when this incident occurred. The defendant, who is approximately five years older than C.B., was thirteen at that time.
On another occasion, when C.B. was eleven years old, she was alone in the living room of her home when the defendant approached and forcefully grabbed her off of the sofa. C.B. ended up on the floor.[3] The defendant pulled C.B.'s pants and panties down, laid on top of her, inserted his penis into her vagina, and began moving "up and down." Once again, the defendant threatened to hurt C.B. if she told anyone. Fearful, C.B. did not immediately report the incident. Later, after viewing a sexual abuse video at school, C.B., a fourth grader, informed the school counselor that she had been sexually abused. The counselor notified the appropriate authorities. This more recent conduct, which occurred between March 1, 2002, and May 31, 2002, formed the basis of the instant charge.

ASSIGNMENT OF ERROR
In his sole assignment of error, the defendant argues the trial court erred in denying his motion for a new trial. Specifically, the defendant asserts LSA-Const. art. I, § 17(A) requires a unanimous jury of twelve persons to render a verdict for *714 conviction under LSA-R.S. 14:42(A)(4) (victim under age of twelve), regardless of whether or not the state chooses to seek the death penalty. Because the verdict in this case was not by a unanimous jury, the defendant argues the verdict is invalid and a new trial should have been granted. The defendant further asserts the Louisiana Constitution requires a unanimous verdict in cases where the punishment may be capital and a 1997 legislative amendment to LSA-R.S. 14:42 is unconstitutional insofar as it deprives a defendant charged with a capital crime of this constitutional right to a unanimous verdict. While he acknowledges that the legislature, in its 1997 amendment to LSA-R.S. 14:42, attempted to give the district attorney power to alter the classification of a crime from capital to non-capital, the defendant argues the amendment is unconstitutional as "the classification of an offense as `capital' depends not upon the discretion of the District Attorney, but rather by the types of punishments possible for a particular crime."
The state, through briefs from both the district attorney's and the attorney general's offices, argues LSA-R.S. 14:42 is not unconstitutional, as it specifically provides for prosecution of the aggravated rape of a victim under twelve years as "either" a capital offense or a non-capital life imprisonment offense. The language of the statute allows a non-unanimous verdict in non-capital prosecutions only. Thus, the state asserts, there is no violation of LSA-Const. art. I, § 17(A)'s requirement that capital verdicts be unanimous.
In a brief review of the history of the statute, we note that in 1978 the Louisiana legislature amended and reenacted LSA-R.S. 14:42, which provides the definition and penalties for the offense of aggravated rape. From the time of the reenactment of the statute, the penalty for aggravated rape, under any factual circumstances, was life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. See 1978 La. Acts, No. 239, § 1. The penalty remained the same until 1995 when the legislature amended LSA-R.S. 14:42 to permit the penalty of death in cases of aggravated rape when the victim was under the age of twelve years.[4]See 1995 La. Acts, No. 397, § 1. With this amendment, the legislature made aggravated rape, under certain factual circumstances, a capital offense.[5] Thus, under LSA-Const. art. I, § 17(A) and its statutory counterpart, LSA-C.Cr.P. art. 782(A), a prosecution for the aggravated rape of a victim under the age of twelve years required a unanimous verdict. LSA-Const. art. I, § 17(A) provides, in pertinent part:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict. A case in which the punishment is necessarily confinement at hard labor shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict.
Later, in 1997 La. Acts, No. 898, § 1, the legislature again amended the aggravated *715 rape statute to provide that a unanimous jury verdict would not be required if the district attorney did not seek a capital verdict. Pursuant to the statutory revision authority of the Louisiana State Law Institute, the 1997 amendment is now found in subsection D of LSA-R.S. 14:42 and provides as follows:
D. (1) Whoever commits the crime of aggravated rape shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.
(2) However, if the victim was under the age of twelve years, as provided by Paragraph A(4) of this Section:
(a) And if the district attorney seeks a capital verdict, the offender shall be punished by death or life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence, in accordance with the determination of the jury. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment may be capital shall apply.
(b) And if the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation, or suspension of sentence. The provisions of C.Cr.P. Art. 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply.
In support of his argument that a unanimous verdict was required, the defendant cites the Louisiana Supreme Court's decision in State v. Goodley, 398 So.2d 1068 (La.1981).[6] In Goodley, 398 So.2d at 1071, the supreme court held that "a unanimous jury is required in a case where the defendant is being prosecuted under an unamended charge of first degree murder, a capital offense, to render any verdict, not-withstanding the fact that the state may have stipulated that it would not seek the death penalty." The court reasoned:
The Legislature, in enacting the controlling provision herein, relied on the severity of the punishment provided for a crime as the basis for its classification scheme in providing the number of jurors which must compose a jury and the number of jurors which must concur to render a verdict. As stated above, La. Const. of 1974 Art. I, § 17 and C.Cr.P. art. 782 provide in pertinent part:
"A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict."
Thus, the Legislature determined that for crimes that were so serious as to validly carry the death penalty, certain special procedural rules were additionally required, among which was the requirement of a unanimous jury to render a verdict. This determination is not based on an after the fact examination of what crime the defendant may eventually be convicted of, nor is it based on an after the fact examination of what sentence he receives. Rather, the scheme is based on a determination by the Legislature that certain crimes are so serious that they require more strict procedural safeguards than other less serious crimes. It was determined that in charged capital offenses a unanimous verdict for conviction, not just sentencing, is necessary and there is no attendant provision giving the state the authority to alter that scheme on its own motion by simply stipulating that the death penalty will not be sought in a certain case.
*716 Goodley, 398 So.2d at 1070-71. Finding the defendant's conviction by a non-unanimous jury invalid, the supreme court set aside the conviction and sentence and remanded the case to the trial court for a new trial.
In the instant case, the defendant asserts that the fact that the state chose not to pursue the death penalty does not alter the unanimous jury verdict requirement. He argues that the fact that the legislature, in 1995, elevated the crime of aggravated rape of a victim under the age of twelve to a capital offense is sufficient to trigger the constitutional requirement of a unanimous verdict.
Upon review of the law and the jurisprudence, we find, as did the trial court, there is no conflict between LSA-R.S. 14:42 and LSA-Const. art. I, § 17(A). We agree with the defendant's assertion that in 1995 when the legislature amended the aggravated rape statute to allow for a penalty of death when the victim is under twelve years of age, the offense, under those circumstances, became a capital offense and required a unanimous jury verdict to convict. Thus, it is clear that the prosecution of any aggravated rape of a victim under twelve between the effective dates of the 1995 and 1997 amendments would have been governed by Goodley and would have required a unanimous verdict.[7] However, as the trial court correctly noted in its written reasons for judgment, when the legislature in 1997 amended LSA-R.S. 14:42, a "hybrid" capital/non-capital aggravated rape statute was created. As amended, LSA-R.S. 14:42(D), unlike LSA-R.S. 14:30 (the first degree murder statute), now allows for either a capital or non-capital aggravated rape charge when the victim is under the age of twelve. We find that the 1997 legislative amendment to the aggravated rape statute does not, in any way, violate LSA-Const. art. I, § 17(A). In fact, the amendment reflects a conscious effort by the legislature to avoid offending the constitution and to modify the penalty provisions of the aggravated rape statute so as to avoid conflict with the holding in Goodley. Contrary to the defendant's assertions, the legislative amendment does not deprive the defendant of the constitutional requirement of a unanimous verdict. A unanimous verdict is still required when the state opts to prosecute under LSA-R.S. 14:42(D)(2)(a), the capital verdict portion of the "hybrid" statute. By creating LSA-R.S. 14:42(D)(2)(b), which allows for a non-capital verdict prosecution, the legislature created the "attendant provision" mentioned in Goodley, by which the state is vested with the discretion of pursuing a violation of the aggravated rape statute (when the victim is under the age of twelve) as a capital offense or as a non-capital life imprisonment offense. In Goodley, the court noted, "if the state does not want to meet the unanimous verdict requirement mandated in prosecutions of capital crimes, it can re-charge the defendant with a non-capital crime." Goodley, 398 So.2d at 1071. By amending the aggravated rape statute, the legislature created the non-capital crime alternative to a prosecution under LSA-R.S. 14:42(D)(2)(a), an alternative that simply did not exist prior to the amendment.
It is well-settled that the district attorney has entire charge and control of every criminal prosecution instituted or pending in his district, and determines whom, when, and how he shall prosecute. LSA-C.Cr.P. art. 61; State v. Walker, 00-0334 (La.App. 1st Cir.12/22/00), 775 So.2d 663, 666, writ denied, 01-0235 (La.12/7/01), *717 803 So.2d 23. In this case, once the district attorney opted to prosecute the offense as a non-capital life imprisonment offense, capital punishment was no longer a possibility. Thus, the constitutional provision regarding a criminal case in which the punishment "may be capital" was no longer applicable. The provisions of LSA-C.Cr.P. art. 782 relative to cases in which punishment is necessarily confinement at hard labor were triggered. Under LSA-Const. art. I, § 17(A) and LSA-C.Cr.P. art. 782(A), in cases where punishment is necessarily at hard labor, the case shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict. In this case, the trial court noted, and we agree, that "providing the district attorney with the ability to elect the manner in which it would proceed did not infringe upon protections guaranteed by the constitution because what the legislature gives, it may take away." Thus, the trial court did not err in following the statute and refusing to require a unanimous verdict for the defendant's non-capital aggravated rape prosecution and conviction. The defendant's motion for a new trial was properly denied. Accordingly, this assignment of error lacks merit.
For all the foregoing reasons, the defendant's conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] In his brief, the defendant cites LSA-R.S. 14:42(C) as the applicable provision. However, at all times pertinent to this case, the correct statutory citation for aggravated rape of a victim under the age of twelve was LSA-R.S. 14:42(A)(4).
[2] In accordance with LSA-R.S. 46:1844(W), the victim is referenced only by her initials.
[3] From her trial testimony, it is unclear whether the defendant pushed C.B. onto the floor or if she fell.
[4] In 2003, the legislature amended LSA-R.S. 14:42(A)(4) to provide that aggravated rape occurs when the victim is under the age of thirteen years. See 2003 La. Acts, No. 795, § 1.
[5] The legislature alone determines what acts are punishable as crimes and the proscribed penalties. State v. Baxley, 94-2982 (La.5/22/95), 656 So.2d 973, 979; State v. Dorthey, 623 So.2d 1276, 1278 (La. 1993). The legislature is not required to select the least severe penalty for the crime as long as the selected penalty is not cruelly inhumane or disproportionate to the offense. Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).
[6] See also State v. Goodley, 418 So.2d 650 (La. 1982), for Justice Lemmon's dissent.
[7] A search of the jurisprudence does not reveal any reported cases of aggravated rape of a victim under the age of twelve years during this period.