BROWN, Chief Judge,
concurs.
hi fully agree with the majority opinion with some clarifying comments. Proof of defendant’s guilt was clear and convincing. However, one wonders why, when the District Attorney removed the death penalty as an option, the charges were not amended to second degree murder. That would have removed any issue concerning the trial court’s instruction that ten jurors must agree to reach a verdict. Louisiana Constitution Article I, § 17(A) provides, in pertinent part, that:
A criminal case in which the punishment may be capital shall be tried before a jury of twelve persons, all of whom must concur to render a verdict.
In State v. Goodley, 398 So.2d 1068, 1070-71 (La.1981), the supreme court held that a unanimous verdict was required to convict a defendant charged with a capital offense, even when the state stipulated that it would not seek the death penalty. However, in 2007, the legislature amended LSA-R.S. 14:30(C), to provide as follows:
(2) If the district attorney does not seek a capital verdict, the offender shall be punished by life imprisonment at hard labor without benefit of parole, probation or suspension of sentence. The provisions of C.Cr.P. Art 782 relative to cases in which punishment is necessarily confinement at hard labor shall apply (which provides that defendant shall be tried before a jury of twelve persons, ten of whom must concur to render a verdict).
See State v. Bishop, 10-1840 (La.App. 1st Cir.06/10/11), 68 So.3d 1197, writ denied, 11-1530 (La.12/16/11), 76 So.3d 1203, a case in which the state did not seek a capital verdict, and the First Circuit affirmed defendant’s convictions of four counts of first degree murder with less than unanimous jury verdicts.