STATE OF LOUISIANA                          NO. 18-KA-362

VERSUS                                      FIFTH CIRCUIT

DERRICK A. FORD, JR.                        COURT OF APPEAL

                                            STATE OF LOUISIANA


ON REMAND FROM THE LOUISIANA SUPREME COURT
IN THE APPEAL FROM
THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 16-760, DIVISION "C"
HONORABLE JUNE B. DARENSBURG, JUDGE PRESIDING


July 31, 2020


**STEPHEN J. WINDHORST**
**JUDGE**


Panel composed of Judges Fredericka Homberg Wicker,
Stephen J. Windhorst, and John J. Molaison, Jr.


<u>**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND**</u>
<u>**ENHANCED SENTENCE ON COUNT TWO VACATED; REMANDED**</u>
    **SJW**
    **FHW**
    **JJM**

COUNSEL FOR PLAINTIFF/APPELLEE,
STATE OF LOUISIANA
      Paul D. Connick, Jr.
      Thomas J. Butler
      Terry M. Boudreaux
      Zachary P. Popovich
      Douglas E. Rushton

COUNSEL FOR DEFENDANT/APPELLANT,
DERRICK A. FORD, JR.
      Derrick A. Ford, Jr.
      Cynthia K. Meyer

**WINDHORST, J.**

## ON REMAND FROM THE LOUISIANA SUPREME COURT

This case is before this Court pursuant to an order of remand from the Louisiana Supreme Court. See State v. Ford, 19-1143 (La. 06/03/20), — So.3d —, 2020 WL 3424318 (*per curiam*). The Louisiana Supreme Court's order instructs this Court to conduct a new error patent review considering the United States Supreme Court's ruling in Ramos v. Louisiana, 590 U.S.—, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). After review, we find that defendant is entitled to a new trial on count two. Accordingly, we vacate defendant's conviction, habitual offender adjudication, and enhanced sentence on count two, and remand to the trial court for further proceedings.

**DISCUSSION**

Defendant was charged with second degree kidnapping in violation of La. R.S. 14:44.1 (count one), attempted armed robber in violation of La. R.S. 14:27 and La. R.S. 14:64 (count two), and possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count four).[1] Since the punishments for these offenses are all necessarily confinement at hard labor, a jury of twelve persons was required. See La. Const. Art. I §17; La. C.Cr.P. art. 782; La. R.S. 14:44.1; La. R.S. 14:27; La. R.S. 14:64; La. R.S. 14:95.1. A twelve-person jury found defendant guilty of the responsive verdicts of simple kidnapping in violation of La. R.S. 14:45 (count one) and attempted simple robbery in violation of and attempted simple robbery in violation of La. R.S. 14:27 and La. R.S. 14:65 (count two). Defendant was found not guilty on count four, possession of a firearm by a convicted felon. The verdicts were by votes of ten to two on counts one and two.[2]

---

[1] In the bill of information, defendant and two individuals were charged as co-defendants on counts one and two. One co-defendant was charged separately as to count three. The two co-defendants were severed from defendant's case. See State v. Ford, 18-362 (La. App. 5 Cir. 06/19/19), 275 So.3d 404, 407.

[2] Defendant was found not guilty on count four.

The trial court sentenced defendant on counts one and two. Subsequently, the State filed an habitual offender bill of information, contending defendant was a fourth-felony offender pursuant to La. R.S. 15:529.1 on counts one and two, to which the trial court adjudicated defendant as a fourth-felony offender on counts one and two. The trial court vacated defendant's sentences on counts one and two, and resentenced defendant to twenty years imprisonment at hard labor without the benefit of probation or suspension of sentence on each count to run concurrently with each other and with any other sentence he was serving.

This Court affirmed defendant's conviction, habitual offender adjudication as a fourth-felony offender, and enhanced sentence on count two, attempted simple robbery. Based on error patent review, this Court vacated defendant's conviction, habitual offender adjudication as a fourth-felony offender, and enhanced sentence on count one, simple kidnapping, and remanded this case for the trial court to enter a post-verdict judgment of acquittal on count one. See State v. Ford, 18-362 (La. App. 5 Cir. 06/19/19), 275 So.3d 404, 421. Defendant filed a writ application with the Louisiana Supreme Court.

While defendant's writ application was pending on direct review with the Louisiana Supreme Court, on April 20, 2020, the United States Supreme Court handed down its decision in Ramos, finding that the Sixth Amendment right to a jury trial, as incorporated against the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense.[3]

The U.S. Supreme Court held in Ramos that defendants who were convicted of serious offenses by non-unanimous juries, and whose case are still pending on direct review, are entitled to a new trial. In the instant case, since defendant's verdict

---

[3] For purposes of the Sixth Amendment, federal law defines petty offenses as offenses subject to imprisonment of six months or less and serious offenses as offenses subject to imprisonment over six months. The Sixth Amendment's right to a jury trial only attaches to serious offenses. See generally Lewis v. United States, 518 U.S. 322, 327-28 116 S.Ct. 2163, 135 L.Ed.2d 590 (1996); Hill v. Louisiana, 2013 WL 486691 (E.D. La. 2013).

on count two was not unanimous and because the case is still on direct review, we find that defendant is entitled to a new trial. Because we find defendant is entitled to a new trial on count two, defendant's habitual offender adjudication and enhanced sentence on count two must also be vacated.

Further, although <u>Ramos</u> would otherwise apply to count one, this Court previously vacated defendant's conviction, habitual offender adjudication as a fourth-felony offender, and enhanced sentence on count one (simple kidnapping), and remanded this case for the trial court to enter a post-verdict judgment of acquittal on count one. We therefore will not disturb our original opinion as to count one.[4]

**DECREE**

Accordingly, for the reasons stated herein, we vacate defendant's conviction, habitual offender adjudication, and enhanced sentence on count two and remand to the trial court for further proceedings on count two consistent with this opinion.

<u>**CONVICTION, HABITUAL OFFENDER ADJUDICATION, AND ENHANCED SENTENCE ON COUNT TWO VACATED; REMANDED**</u>

---

[4] The Double Jeopardy Clause of the United States Constitution's Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. Amend. V; <u>State v. Self</u>, 00-633 (La. App. 3 Cir. 11/02/00), 772 So.2d 337, 339; See also La. Const. art. 1 §15; La. C.Cr.P. art. 591 *et seq.; State v. Frank*, 16-1160 (La. 10/18/17), 234 So.3d 27, 30. This prohibition against double jeopardy prohibits the State from prosecuting a defendant twice for the same crime in cases in which the defendant has been acquitted in the first trial. *State v. Langley*, 06-1041 (La. 05/22/07), 958 So.2d 1160, 1169, <u>cert. denied</u>, 552 U.S. 1007, 128 S.Ct. 493, 169 L.Ed.2d 368 (2007).

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
ROBERT A. CHAISSON
STEPHEN J. WINDHORST
HANS J. LILJEBERG
JOHN J. MOLAISON, JR.

JUDGES

CURTIS B. PURSELL
CLERK OF COURT

MARY E. LEGNON
CHIEF DEPUTY CLERK

SUSAN BUCHHOLZ
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED
IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY
**JULY 31, 2020** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT
REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 18-KA-362

**E-NOTIFIED**
24TH JUDICIAL DISTRICT COURT (CLERK)
HONORABLE JUNE B. DARENSBURG (DISTRICT JUDGE)
COLIN CLARK (APPELLEE)          TERRY M. BOUDREAUX (APPELLEE)          THOMAS J. BUTLER (APPELLEE)
CYNTHIA K. MEYER (APPELLANT)

**MAILED**
DERRICK A. FORD, JR. #578127
(APPELLANT)
DIXON CORRECTIONAL INSTITUTE
P. O BOX 788
JACKSON, LA 70748

HON. JEFFREY M. LANDRY (APPELLEE)
ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 NORTH 3RD STREET
6TH FLOOR, LIVINGSTON BUILDING
BATON ROUGE, LA 70802

HON. PAUL D. CONNICK, JR. (APPELLEE)
DISTRICT ATTORNEY
DOUGLAS E. RUSHTON (APPELLEE)
ZACHARY P. POPOVICH (APPELLEE)
ASSISTANT DISTRICT ATTORNEYS
TWENTY-FOURTH JUDICIAL DISTRICT
200 DERBIGNY STREET
GRETNA, LA 70053